TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN









NO. 03-02-00034-CR

NO. 03-02-00035-CR







David Bryan Hume, Appellant


v.


The State of Texas, Appellee







FROM THE DISTRICT COURT OF TARRANT COUNTY, 371ST JUDICIAL DISTRICT

NO. 0795580D & 0795581D, HONORABLE JAMES R. WILSON, JUDGE PRESIDING






 A jury found appellant David Bryan Hume guilty of two offenses of indecency with
a child by exposure. See Tex. Pen. Code Ann. § 21.11(a)(2)(A) (West Supp. 2002). The district
court assessed punishment for each offense at eight years in prison. Appellant raises two issues and
contends that (1) the district court abused its discretion when it overruled his objections and allowed
the State to present evidence that he resisted arrest and (2) he received ineffective assistance of
counsel because his trial attorney misunderstood the law regarding community supervision. We will
affirm the judgments. 






Background

 As appellant does not challenge the sufficiency of the evidence, we briefly review the
facts of the case. On August 15, 1999, North Richland Hills police officers were dispatched to an
apartment complex to investigate a report that appellant exposed his genitals in the presence of
children swimming in the pool. A twelve-year-old boy and his thirteen-year-old sister testified that
while they were swimming, appellant was in the pool masturbating under water. The girl testified
that appellant stared at her the entire time. The children told their father about the incident on their
way home from the pool. 




Discussion

 Appellant first contends that the district court abused its discretion by admitting
evidence related to his arrest for the offenses. Appellant contends that such evidence was irrelevant,
was improper character evidence, and even if the evidence was relevant, its probative value was
outweighed by unfair prejudice. Second, appellant contends that he received ineffective assistance
of counsel during the punishment phase of trial because his attorney did not understand the law
regarding community supervision.


Admission of evidence related to arrest

 After witnesses testified about events at the pool, the State announced that it intended
to offer evidence related to appellant's arrest for these offenses. Outside the jury's presence,
Detective Enriqueta Garcia testified that she and her partner located appellant at work on a church
roof. Garcia called to appellant and he came down. Garcia identified herself and her partner as
police officers and told appellant she had a warrant for his arrest. Appellant lied about his identity
and told Garcia he was not David but was his brother, "Tony." Garcia responded that she had seen
his picture, that he was David, and that he was under arrest for the offense of indecency with a child.
When Garcia persisted that appellant was indeed the individual listed on the warrant, appellant
walked away from her and attempted to leave through a nearby door; however, the door was locked. 
Garcia followed appellant, grabbed him, and as she did so, he threw her off and ran up some nearby
scaffolding. Garcia followed appellant, and when she grabbed his legs, he kicked her several times
in the head and shoulders. Garcia's partner handcuffed appellant to a railing. Appellant eventually
calmed down and went with the officers. Appellant objected that such evidence was irrelevant and
was improper character evidence. See Tex. R. Evid. 401, 404(b). Further, appellant objected that
in the event the district court determined such evidence was relevant, the evidence should be
excluded because the probative value of the evidence was clearly outweighed by its unfair prejudicial
effect. See Tex. R. Evid. 403. The district court overruled appellant's objections and allowed Garcia
to testify before the jury about appellant's arrest. 

 Montgomery v. State set the standard for review of evidentiary rulings relating to
extraneous acts. 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh'g); see also Rankin v.
State, 974 S.W.2d 707, 718 (Tex. Crim. App. 1998). Montgomery defined relevant evidence and
discussed the admissibility of that evidence as well as a trial court's role in determining
admissibility. Rankin, 974 S.W.2d at 718. 

 As defined in Rule 401, "relevant" evidence is evidence that has "any tendency to
make the existence of any fact that is of consequence to the determination of the action more
probable or less probable then it could be without the evidence." Tex. R. Evid. 401. If the evidence
is relevant it is admissible so long as no constitutional provision, statute, or rule bars its
admissibility. Tex. R. Evid. 402. Relevant evidence, however, may not be admissible for every
purpose. Rule 404(b) bars evidence of "other crimes, wrongs or acts" when that evidence is admitted
for the purpose of proving "the character of a person in order to show that he acted in conformity
therewith." Tex. R. Evid. 404(b). Rule 404(b) incorporates the fundamental tenet of our criminal
justice system that an accused may be tried only for the offense for which he is charged and not his
criminal propensities. Owens v. State, 827 S.W.2d 911, 914 (Tex. Crim. App. 1992). Evidence of
other crimes, wrongs or acts, however, may be admissible if such evidence has relevance apart from
its tendency to prove character conformity. Tex. R. Evid. 404(b); Montgomery, 810 S.W.2d at 387. 
Consequently, if a defendant objects on the ground that the evidence is not relevant, violates Rule
404(b), or constitutes an extraneous act, the proponent must show that the evidence has some
relevance apart from showing bad character. Montgomery, 810 S.W.2d at 387. 

 If the trial judge determines that the evidence has no relevance apart from character
conformity, it is inadmissible. Id. If the proponent persuades the trial court that the evidence is
admissible for some other permissible purpose, and that purpose "tends in logic and common
experience to . . . make the existence of a fact of consequence more or less probable than it would
be without the evidence," the evidence is admissible. Montgomery, 810 S.W.2d at 391. Extraneous-act evidence is considered relevant only (1) when it logically makes an elemental fact, such as
identity, or intent more or less probable; (2) makes an evidentiary fact, such as motive, opportunity
or preparation, that inferentially leads to an elemental fact more or less probable; or (3) makes
defensive evidence undermining an elemental fact more or less probable. Id. at 387-88. 

 A trial court's admission of extraneous-acts evidence is not reviewed de novo but
under an abuse of discretion standard. Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1999).
As long as the trial judge properly admitted the evidence in light of the factors enunciated in
Montgomery and the trial court's decision to admit the evidence lies "within the zone of reasonable
disagreement" the decision will be upheld. Rankin, 974 S.W.2d at 718 (citing Montgomery, 810
S.W.2d at 391). On the other hand, when the appellate court can say with confidence that by no
reasonable perception of common experience can it be concluded that proffered evidence has a
tendency to make the existence of a fact of consequence more or less probable than it would
otherwise be, then it can be said the trial court abused its discretion to admit the evidence. 
Montgomery, 810 S.W.2d at 391. 

 Appellant contends that the evidence related to his arrest was improper character
evidence in that it showed only "appellant's dangerous character." He contends that the evidence
was not part and parcel of the indecency offenses and was not relevant to any contested issue in the
case other than appellant's character. He contends the evidence allowed the jury to convict appellant
not for what the facts established regarding the charged offenses but for being a criminal generally.
Appellant contends that at best this evidence was "background contextual evidence" relating solely
to his character and did not make it more likely than not that appellant committed the offenses.
Further, appellant contends that even if the evidence was relevant, it should have been excluded
because its probative value was outweighed by its prejudicial effect.

 The State responds that the district court properly admitted the evidence related to
appellant's arrest because his attempt to deceive Garcia by claiming to be "Tony," his attempt to flee,
and his assault of Garcia were indicative of a "consciousness of guilt" or were circumstances from
which an inference of guilt could properly be drawn. See Burks v. State, 876 S.W.2d 877, 903 (Tex.
Crim. App. 1994); Foster v. State, 779 S.W.2d 845, 859 (Tex. Crim. App. 1989). It is well accepted
that any conduct by a defendant accused of a crime after its commission which indicates a
consciousness of guilt may be received as a circumstance tending to prove that he committed the act
with which he is charged. Hyde v. State, 846 S.W.2d 503, 505 (Tex. App.--Corpus Christi 1990,
pet. ref'd); Torres v. State, 794 S.W.2d 596, 598 (Tex. App.--Austin 1990, no pet.). A
consciousness of guilt is perhaps one of the strongest kinds of evidence of guilt. Hyde, 846 S.W.2d
at 505; Torres, 794 S.W.2d at 598. Before such evidence is admitted, however, the State must
establish that it has some relevance to the offense under prosecution. Burks, 876 S.W.2d at 903. 
Once the State established the relevancy requirement, evidence of "escape from custody or flight to
avoid arrest" is admissible unless the defendant shows that escape or flight was connected to some
other transaction unrelated to the charged offense. Id. (citing Rumbaugh v. State, 629 S.W.2d 747,
752 (Tex. Crim. App. 1982)). Flight is no less relevant if it is flight to avoid arrest. Burks, 876
S.W.2d at 903; Foster, 779 S.W.2d at 859. Additionally, a lapse of time between commission and
a defendant's flight does not necessarily adversely affect the admissibility of the flight. Burks, 876
S.W.2d at 903.

 The evidence showed that appellant acted deceptively and attempted to flee only
when Garcia advised appellant that she had a warrant for his arrest for the offense of indecency with
a child. We hold that the State established that appellant's attempted deception, flight and assault
of Garcia were related to the charged indecency offense, indicated appellant's consciousness of guilt,
and were circumstances from which an inference of guilt for the acts with which he was charged
could be properly drawn. Further, appellant failed to show that his deception and flight were
connected to another transaction unrelated to the charged offenses. 

 Having determined that the evidence was relevant, we review the district court's
determination that the probative value of the evidence was not outweighed by its prejudicial effect.
The trial court is given wide latitude to exclude or, particularly in view of the presumption of
admissibility of relevant evidence, to admit evidence as it sees fit. Montgomery, 810 S.W.2d at 390. 
So long as the trial court acted within the boundaries of its discretion, an appellate court should not
disturb its decision. Id. 

 The term "unfair prejudice" does not mean that the evidence will not injure or
prejudice the appellant's case. Rather, the term refers to an undue tendency to suggest a decision on
an improper basis. See Torres, 794 S.W.2d at 600. While the evidence related to appellant's arrest
did not place him in a positive light, it demonstrated appellant's consciousness of guilt. Further,
appellant does not suggest any specific prejudicial effect arising from the admission of the evidence,
but argues broadly that the evidence prejudiced him by allowing the jury to convict him for being
a criminal generally. We hold that the district court did not abuse its discretion in admitting
evidence related to appellant's arrest. Appellant's first issue is overruled. 


Ineffective assistance of counsel

 Appellant contends that he received ineffective assistance of counsel during the
punishment phase of trial. When appellant's attorney asked appellant's father about placing
appellant on community supervision, the following occurred:


[State's attorney]: He's not eligible.


[Appellant's attorney]: The Judge could do it.


[State's attorney]: If he pled guilty to the Court, the Judge could defer him.


[The Court]: He's already been found guilty by a jury. There's already
been a finding of guilt.


[Appellant's attorney]: Okay.


[Appellant's attorney]: Mr. Hume [appellant's father], I misspoke regarding
[community supervision]. That is not an option in this
case. All right? You understand that?


[Appellant's father]: Yes, sir. 


[Appellant's attorney]: But you are asking the Court to be merciful on your son
in this case.


[Appellant's father]: Yes, sir. I pray that they will be.



Appellant contends that his attorney's misunderstanding of the law regarding community supervision
constituted ineffective assistance of counsel. 

 To prevail on an ineffective assistance of counsel contention, the appellant bears the
burden of showing (1) deficient performance and (2) prejudice. Strickland v. Washington, 466 U.S.
668, 687 (1984); Jackson v. State, 877 S.W.2d 768 (Tex. Crim. App. 1994). To prove deficiency,
an appellant must demonstrate that counsel's performance fell below an objective standard of
reasonableness or deviated from prevailing professional norms. Strickland, 466 U.S. at 688. 
Judicial scrutiny of counsel's performance should be highly deferential. Id. at 689. An appellant
must overcome a strong presumption that an attorney's actions were sound trial strategy. Id.;
Jackson, 877 S.W.2d at 771. Further, to show prejudice, "the defendant must show that there is a
reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding
would have been different. A reasonable probability is a probability sufficient to undermine
confidence in the outcome." Id. (citing Strickland, 466 U.S. at 694). Further, while a single
egregious error of commission or omission may be sufficient, reviewing courts are hesitant to declare
counsel ineffective based on a single alleged miscalculation. Thompson v. State, 9 S.W.3d 808, 813
(Tex. Crim. App. 1999). 

 In order to effectively present and argue an issue of ineffective assistance of counsel,
the appellant must develop a record focused on the conduct of trial counsel should be developed. 
Jackson, 877 S.W.2d at 772 (Baird, J., concurring). This is because a trial record is generally
insufficient to address claims of ineffective assistance of counsel in light of the strong presumption
that trial counsel's conduct falls within the wide range of reasonable professional assistance. Mallett
v. State, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001). 

 To succeed on an ineffective assistance of counsel claim based on counsel's
misunderstanding of the law related to community supervision, there must be more apparent from
the record than trial counsel's mere mistake. State v. Recer, 815 S.W.2d 730, 731 (Tex. Crim. App.
1991). Appellant must demonstrate he was initially eligible to receive community supervision; his
counsel's advice not to plead guilty was not given pursuant to a valid trial strategy; his decision on
which finder of fact, the judge or the jury, would assess punishment was based on counsel's
erroneous advice; and appellant's decision would have been different had counsel correctly advised
him of the applicable law. Id. at 731-32; Pena-Mota v. State, 986 S.W.2d 341, 348 (Tex.
App.--Waco 1999, no pet.). 

 Here, because appellant had a prior felony conviction for injury to a child, after
pleading not guilty and having been found guilty, he was not eligible for community supervision
regardless of whether the jury or the district judge assessed punishment. However, had appellant
pleaded guilty to these offenses and asked the district judge to assess punishment, the judge would
have had the option to give appellant deferred adjudication community supervision. See Tex. Code
Crim. Proc. Ann. art. 42.12, § 5(a) (West Supp. 2002). Here, appellant filed a motion for new trial
which was overruled by operation of law. There was no record made regarding questions about
appellant's trial counsel's conduct or the strategical bases for any of his decisions. Without such a
record, this Court cannot determine whether counsel recommended that appellant plead guilty or not
guilty and whether such advice was pursuant to sound trial strategy. See Pena-Mota, 986 S.W.2d
at 348. Furthermore, there is nothing in the record indicating that appellant would have pleaded
differently had he known that if he had done so the district judge would have had the option to grant
him deferred adjudication community supervision. Given the paucity of the record regarding this
issue, we cannot say that appellant has shown his trial counsel was ineffective. Appellant's second
issue is overruled.




Conclusion

 The judgments of conviction are affirmed. 



 __________________________________________

 Bea Ann Smith, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Affirmed

Filed: August 30, 2002

Do Not Publish