Nick Alfred **AGUILAR**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 42130.

Court of Criminal Appeals of Texas.

June 25, 1969.

Rehearing Denied Oct. 15, 1969.

------◆------

Will Gray, Houston, for appellant.

Carol S. Vance, Dist. Atty., William W. Burge and Joe Maida, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

The conviction is for possession of heroin; the punishment, thirty years.

The indictment alleged two prior Federal convictions for purchasing heroin. The State elected to abandon the habitual offender part of the indictment, and he was convicted for the primary offense.

Appellant contends in the first two grounds of error that the heroin was found as the result of an invalid search warrant, not based on probable cause, and that such heroin was erroneously admitted into evidence under the case of Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964).

The record reflects that Officers Farrar, Chavez and Collins, armed with a search warrant, went to appellant's home in Hous-ton. An officer knocked on the front door and immediately thereafter heard someone running. After forcing their way into the house, the officers saw appellant running from the kitchen to the bathroom where he dropped a yellow balloon into the commode and flushed it. Officer Chavez recovered the balloon which contained a powder, later ascertained to be .48 grams of heroin. On the kitchen table the officers found an open paper that contained 1.07 grams of heroin, a burnt spoon, a needle, eye droppers and other narcotics paraphernalia.

The affidavit in the present case recited:

"On the 23rd day of February, 1965, affiants received reliable information from a credible person that heroin was being possessed by Nick Aguilar, at 7216 Gonzales Street, Houston, Harris County, Texas. Although I do not desire to name this person on about four prior occasions he has given information to me concerning narcotics being possessed by certain individuals and on every occasion his information has proven to be true. Based upon the information he gave me, affiants on the afternoon of the 23rd day of February, 1965, set up surveillance of the house located at 7216 Gonzales Street, and from approximately 12:00 PM to 2:00 PM of that day we observed several persons whom we know to be users of narcotics enter the house, remain for approximately five minutes each and then leave."

Acosta v. State, Tex.Cr.App., 403 S.W.2d 434, cert. denied 386 U.S. 1008, 87 S.Ct. 1352, 18 L.Ed.2d 449, held that a similar affidavit for a search warrant was sufficient to show probable cause and meet the requirements of Aguilar v. Texas, supra. See Rugendorf v. United States, 376 U.S. 528, 84 S.Ct. 825, 11 L.Ed.2d 887 (1964); Crotts v. State, Tex.Cr.App., 432 S.W.2d 921; Gonzales v. State, Tex.Cr.App., 410 S.W.2d 435, cert. denied 387 U.S. 925, 87 S.Ct. 2044, 18 L.Ed.2d 982; Vojel v. State, Tex.Cr.App., 417 S.W.2d 176; Bosley v.

State, Tex.Cr.App., 414 S.W.2d 468; United States v. Rich, 407 F.2d 934 (5th Cir. 1969), cert. denied 394 U.S. 993, 89 S.Ct. 1473, 22 L.Ed.2d 769.

Appellant relies upon Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637. That case is distinguishable because there the statement regarding the informer was:

"The Federal Bureau of Investigation has been informed by a confidential reliable informant that William Spinelli is operating a handbook and accepting wagers and disseminating wagering information by means of the telephones (in the apartment) * * *."

The Supreme Court, in Spinelli, noted: "Though the affiant swore that his confidant was 'reliable,' he offered the magistrate no reason in support of this conclusion."

In the case at bar the affiant swore that his informant was reliable and had given information to him concerning narcotics being possessed by certain individuals that on every occasion had proven to be true. The officers (affiants in the application for the search warrant) swore that they kept a surveillance on the house between 12:00 PM and 2:00 PM of February 23, 1965, observed several persons known to them to be narcotic users enter the home and remain approximately five minutes each and then leave.

In Spinelli the only circumstances except the tip from an informant were seemingly innocent movements made by the appellant and telephone company records, none of which suggested criminal misconduct.

■ The affidavit in the present case contained sufficient facts for the magistrate to find probable cause for the search and the issuance of the search warrant.

The first and second grounds of error are overruled.

■ In the third ground of error, complaint is made because the trial court would not require the disclosure of the names of the three known narcotic addicts, one being the informer, seen entering and leaving appellant's home before the arrest.

The record shows that the informer was not present at the time the search warrant was executed. Officer Collins was at the back part of the house and saw appellant seated at the kitchen table " * * * either in the process of fixing to or just having gotten through shooting some heroin." There was no showing that the informer participated in the offense, was present at the time, or was a material witness as to whether the appellant had committed the act charged. Absent such showing, the trial court did not err in refusing to require the State to disclose the name of the informer.

A similar contention was presented and overruled in Bosley v. State, Tex.Cr.App., 414 S.W.2d 468. There disclosure of the identity of the informant mentioned in the affidavit for the search warrant as well as the names of the users of the narcotics seen going in and out of the apartment was sought. No reason for overruling Bosley is shown.

■ In the fourth ground of error it is contended that the State was permitted to bolster the testimony of Officer Chavez when he used an offense report, not in evidence, to refresh his memory.

The record reflects that when Officer Chavez testified that the contents of an envelope was all the evidence recovered (not mentioning a knife that was found), the prosecutor asked the officer to look at the offense report. The record does not show that the officer looked at the offense re-

port. Assuming that he did refresh his memory by looking at a report (in the absence of the jury), no error is shown. Davis v. State, 168 Tex.Cr.R. 588, 330 S.W. 2d 443; Bridges v. State, 166 Tex.Cr.R. 556, 316 S.W.2d 757.

Complaint is made in the fifth ground of error that Officer McManess was permitted to testify at the penalty stage of the trial that appellant's reputation as a peaceful law abiding citizen was bad.

Article 37.07(3) (a), Vernon's Ann. C.C.P., authorizes evidence of an accused's general reputation at the punishment hearing. The witness testified that he had known appellant for some seven years and had discussed his reputation with others in Harris County.

■ Reputation is based on what other people say; a witness cannot testify that an accused has a bad reputation unless he shows himself acquainted with that reputation. A sufficient predicate was shown and the court properly permitted the witness to testify. Steese v. State, 170 Tex.Cr.R. 269, 340 S.W.2d 49; Jacks v. State, 167 Tex. Cr.R. 1, 317 S.W.2d 731; 1 Branch's Ann. P.C.2d, Sec. 206, p. 234.

Contention is made in the sixth ground of error that error was committed when evidence was admitted that appellant failed to appear at a previous setting of the case and his bond was forfeited, and the court did not limit the purpose for which they could consider evidence of flight.

■ The record reflects that the case was set for October 18, 1965. When appellant failed to appear, the bond was forfeited. He was rearrested June 27, 1966.[1] The evidence was properly admitted. Guajardo v. State, Tex.Cr.App., 378 S.W.2d 853; Dominguiz v. State, Tex.Cr.App., 373 S.W. 2d 241.

■ The court did not err in refusing to limit the evidence of flight. A charge is on the weight of the evidence if it singles out evidence as to flight and instructs the jury thereon. 1 Branch's Ann.P.C.2d, Sec. 162, pp. 165–166.

There being no reversible error, the judgment is affirmed.

WOODLEY, P. J., not participating.

---

1. The case was tried in February, 1968; the record reached the clerk of this Court on April 7, 1969.