COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-121-CR

 

 

MICHAEL EDWIN MIETH                                                       APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

            FROM THE 211TH
DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

I.  Introduction








Appellant Michael Edwin Mieth appeals his
conviction for driving while intoxicated. 
A jury found Mieth guilty and assessed his punishment at twenty-five
years=
confinement after he pleaded Atrue@ to two
enhancement paragraphs in the indictment. 
The trial court sentenced him accordingly.  In five issues, Mieth contends that the
evidence is legally and factually insufficient to support the jury=s
verdict, that the trial court erred by admitting extraneous offense evidence and
by admitting an assistant district attorney=s
testimony, and that the State used perjured testimony in violation of his due
process rights.  We will affirm.

II.  Factual and Procedural Background

On July 10, 1999, Texas Department of Public
Safety Trooper Lonnie Haschel was driving north on a two-lane road when a
pickup truck traveling south crossed the double yellow line and headed straight
towards the trooper=s squad car.  Trooper Haschel initiated a stop of the
pickup and observed that Mieth, who was the driver and sole occupant of the
pickup, exhibited signs of intoxication. 
Trooper Haschel performed the horizontal gaze nystagmus (HGN) test on
Mieth, and Mieth demonstrated six of six possible clues indicating a loss of
the normal use of mental and physical faculties.  Trooper Haschel arrested Mieth for driving
while intoxicated.  On June 10, 2003, the
jury found Mieth guilty of driving while intoxicated.  Mieth appealed his conviction.[2]   

 








III.  Sufficiency of the Evidence

In his first and second points, Mieth contends
that the evidence is legally and factually insufficient to support the jury=s
verdict.  Specifically, he contends that
the State failed to prove that he had introduced alcohol into his body on July
10, 1999, before Trooper Haschel arrested him. 

A. 
Standards of Review

In reviewing the legal sufficiency of the
evidence to support a conviction, we view all the evidence in the light most
favorable to the verdict in order to determine whether any rational trier of
fact could have found the essential elements of the crime beyond a reasonable
doubt.  Jackson v. Virginia, 443
U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Hampton v. State, 165 S.W.3d
691, 693 (Tex. Crim. App. 2005).  








This standard gives full play to the
responsibility of the trier of fact to resolve conflicts in the testimony, to
weigh the evidence, and to draw reasonable inferences from basic facts to
ultimate facts.  Jackson, 443 U.S.
at 319, 99 S. Ct. at 2789.  The trier of
fact is the sole judge of the weight and credibility of the evidence.  See
Tex. Code Crim. Proc. Ann. art. 38.04 (Vernon 1979); Margraves v.
State, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000).  Thus, when performing a legal sufficiency
review, we may not re-evaluate the weight and credibility of the evidence and
substitute our judgment for that of the fact finder.  Dewberry v. State, 4 S.W.3d 735, 740
(Tex. Crim. App. 1999), cert. denied, 529 U.S. 1131 (2000).  We must resolve any inconsistencies in the
evidence in favor of the verdict.  Curry
v. State, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

The sufficiency of the evidence should be
measured by the elements of the offense as defined by the hypothetically
correct jury charge for the case.  Malik
v. State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997); Ortiz v. State,
993 S.W.2d 892, 895 (Tex. App.CFort
Worth 1999, no pet.).  Such a charge
would be one that accurately sets out the law, is authorized by the indictment,
does not unnecessarily restrict the State=s
theories of liability, and adequately describes the particular offense for
which the defendant was tried.  Gollihar
v. State, 46 S.W.3d 243, 253 (Tex. Crim. App. 2001); Malik, 953
S.W.2d at 240.  The law as authorized by
the indictment means the statutory elements of the charged offense as modified
by the charging instrument.  See Curry,
30 S.W.3d at 404.  The standard of review
is the same for direct and circumstantial evidence cases.  Burden v. State, 55 S.W.3d 608, 613
(Tex. Crim. App. 2001); Kutzner v. State, 994 S.W.2d 180, 184 (Tex.
Crim. App. 1999).








In contrast, when reviewing the factual
sufficiency of the evidence to support a conviction, we are to view all the
evidence in a neutral light, favoring neither party.  See Zuniga v. State, 144 S.W.3d 477,
481 (Tex. Crim. App. 2004).  The only
question to be answered in a factual sufficiency review is whether, considering
the evidence in a neutral light, the fact finder was rationally justified in
finding guilt beyond a reasonable doubt. 
Id. at 484.  There are two
ways evidence may be factually insufficient: 
(1) when the evidence supporting the verdict, considered by itself, is
too weak to support the finding of guilt beyond a reasonable doubt; or (2) when
there is evidence both supporting and contradicting the verdict and, weighing
all of the evidence, the contrary evidence is so strong that guilt cannot be
proven beyond a reasonable doubt.  Id.
at 484-85.  AThis
standard acknowledges that evidence of guilt can >preponderate= in
favor of conviction but still be insufficient to prove the elements of the
crime beyond a reasonable doubt.@  Id. at 485.  In other words, evidence supporting a guilty
finding can outweigh the contrary proof but still be insufficient to prove the
elements of an offense beyond a reasonable doubt.  Id.  
      In performing a factual
sufficiency review, we are to give deference to the fact finder=s determinations,
including determinations involving the credibility and demeanor of
witnesses.  Id. at 481; Cain v.
State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  We may not substitute our judgment for the
fact finder=s.  Zuniga, 144 S.W.3d at 482.  








A proper factual sufficiency review requires an
examination of all the evidence.  Id.
at 484, 486-87.  An opinion addressing
factual sufficiency must include a discussion of the most important and relevant
evidence that supports the appellant=s
complaint on appeal.  Sims v. State,
99 S.W.3d 600, 603 (Tex. Crim. App. 2003).

B. 
Evidence of Alcohol Consumption

A person commits the offense of driving while
intoxicated if he is intoxicated while operating a vehicle in a public
place.  Tex.
Penal Code Ann. ' 49.04(a) (Vernon 2003).  The definition of intoxication includes Anot
having the normal use of mental or physical faculties by reason of the
introduction of alcohol, a controlled substance, a drug, a dangerous drug, a
combination of two or more of those substances, or any other substance into the
body.@  Id. '
49.01(2)(A).  A witness does not have to
be an expert to testify that a person he observes is intoxicated by alcohol;
therefore, lay opinion testimony by a police officer that a person is
intoxicated is probative evidence that a person is Adrunk.@  Henderson v. State, 29 S.W.3d 616, 622
(Tex. App.CHouston [1st Dist.] 2000, pet.
ref=d).








In the present case, the evidence most favorable
to the verdict is as follows.  Trooper
Haschel pulled over Mieth in his pickup truck after observing him cross the
double yellow line and head towards the trooper=s
vehicle. Trooper Haschel testified that Mieth smelled strongly of alcoholic
beverage, that his eyes were droopy and bloodshot, that he was slow to respond
to the trooper=s questions, and that his speech
was slurred.  Trooper Haschel testified
that Mieth exhibited six of six possible clues on the HGN test indicating a
loss of the normal use of his mental and physical faculties and that Mieth
failed to complete the walk and turn test. 
The trooper testified that he arrested Mieth after he determined that
Mieth did not have the normal use of his physical and mental faculties.  The record also demonstrates that after Mieth=s
arrest, he almost fell asleep in the squad car and, at one point, urinated on
himself.  At the police station, Mieth
refused a breath test and, after he beat his head against the wall, said that
if the police wanted to take a blood test, they would have to use the blood left
on the wall.  Viewing this evidence in
the light most favorable to the verdict, we hold that a rational trier of fact
could have found that Mieth was intoxicated when Trooper Haschel arrested him.  See Jackson, 443 U.S. at 319, 99 S.
Ct. at 2789; Hampton, 165 S.W.3d at 693. 









The following evidence is contrary to the
verdict.  The defense contended at trial
that Mieth was not intoxicated but suffered from Aemotional
impairment@ due to his nephew=s recent
death, which occurred ten days prior to Mieth=s
arrest.  Mieth=s
longtime girlfriend, Trevina Mesa, and his friend, Eddie Gonzales, both
testified that Mieth was not taking his nephew=s death
well and that Mieth often talked of committing suicide after his nephew
died.  Mesa testified that Mieth was a
painter and that he often had bloodshot eyes after work because of the fumes
and because he would put Vaseline around his eyes before putting on his
mask.  She testified that on July 10,
1999, Mieth went to her house after work and that he had bloodshot eyes and seemed
very tired. She testified that Mieth did not have anything to drink that night,
although they usually drank in the evenings, and that Mieth left with his
friend, Gonzales, at around six o=clock to
help pull a friend=s truck out of some mud.  

Gonzales testified that when he and Mieth left to
help their friend, Mieth was still wearing his painting clothes and that he
smelled of lacquer.  Gonzales testified
that Mieth began driving recklessly and talking about committing suicide.  Gonzales testified that as they were
approaching a bridge, Mieth said he was going to drive off the bridge and that
Gonzales asked Mieth to pull over and let him out.  Gonzales got out of Mieth=s truck
and did not see or hear from Mieth again that night.   

Mieth argues that the only evidence of his
intoxication was presented by the trooper=s
testimony that he smelled alcoholic beverage on Mieth and that the trooper=s
testimony was insufficient to prove that Mieth was intoxicated because there
were other explanations for the smell. 
During the defense=s cross-examination of Trooper
Haschel, defense counsel asked if the trooper knew what type of alcoholic
beverage he smelled on Mieth:

[Defense
counsel]:  Alcoholic beverage.  Was it beer?

 

[Trooper
Haschel]:  Don=t know.

 

[Defense
counsel]:  Rum?

 

[Trooper
Haschel]:  Can=t tell you.

 

[Defense
counsel]:  Whiskey








[Trooper
Haschel]:  Don=t know.

 

[Defense
counsel]:  Denatured alcohol?

 

[Trooper
Haschel]:  I don=t know.

 

[Defense
counsel]:  Paint thinner?

 

[Trooper
Haschel]:  Don=t know.

 

[Defense
counsel]:  Mineral spirits?

 

[Trooper
Haschel]:  Don=t know.

 

[Defense
counsel]:  Could have been any of those
things?

 

[Trooper Haschel]:  It was the
fermentation process that the alcoholic beverage goes through that I was
smelling.

 

Even if this was some evidence that the smell could have been
something other than an alcoholic beverage, this evidence is not so strong that
Mieth=s guilt
could not be proven beyond a reasonable doubt. 
See Zuniga, 144 S.W.3d at 484-85. 
Viewing all the evidence in a neutral light, favoring neither party, we
hold that the jury was rationally justified in finding that Mieth was
intoxicated when Trooper Haschel arrested him. 
See id. at 481. 

Accordingly, we hold that the evidence was
legally and factually sufficient to support the jury=s
verdict.  See Jackson, 443 U.S. at
319, 99 S. Ct. at 2789; Hampton, 165 S.W.3d at 693; Zuniga, 144
S.W.3d at 481.  We overrule Mieth=s first
and second points.

 








IV.  Extraneous Offense Evidence

At trial, the State called Michael Moore, the
assistant district attorney who prepared Mieth=s case
for jury trial.  Over defense counsel=s
objection that the evidence was irrelevant, Moore testified that Mieth had
failed to appear in court on June 9, 2000, for a hearing set for that
date.  

In his third point, Mieth complains that the
trial court erred by admitting evidence of his extraneous offense of failure to
appear.  Specifically, Mieth contends
that Moore=s testimony that Mieth failed to
appear for a hearing had no relevance other than to prove character conformity
in violation of Texas Rule of Evidence 404(b).[3]  The State argues that the trial court
properly admitted the evidence as evidence of Mieth=s guilt.









The admissibility of evidence is within the
discretion of the trial court and will not be overturned absent an abuse of
discretion.  Moses v. State, 105
S.W.3d 622, 627 (Tex. Crim. App. 2003); Soto v. State, 156 S.W.3d 131,
134 (Tex. App.CFort Worth 2005, pet. ref=d).  That is to say, as long as the trial court=s ruling
was within the zone of reasonable disagreement, the appellate court should
affirm.  Moses, 105 S.W.3d at 627;
see also Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991)
(op. on reh=g); Karnes v. State, 127
S.W.3d 184, 189 (Tex. App.CFort
Worth 2003, no pet.). 

Rule 404(b) prohibits the admission of evidence
of Aother
crimes, wrongs, or acts@ in a criminal case to prove
that the defendant acted in conformity with his character to commit
crimes.  Tex. R. Evid. 404(b); Marc v. State, 166 S.W.3d 767,
775 (Tex. App.CFort Worth 2005, pet. ref=d).  Such evidence of extraneous offenses may be
admitted for other purposes, however, such as proof of motive, opportunity,
intent, preparation, plan, knowledge, identity, or absence of mistake or
accident.  Tex. R. Evid. 404(b); Moses, 105 S.W.3d at 626.  The permissible uses of character evidence
listed in rule 404(b) are illustrative, not exhaustive.  Montgomery, 810 S.W.2d at 387-88.  








It is a well-accepted principle that an accused
person=s
conduct after the commission of a crime that is indicative of a Aconsciousness
of guilt@ may be
received as a circumstance tending to prove that the person committed the act
with which he is charged.  Hyde v.
State, 846 S.W.2d 503, 505 (Tex. App.CCorpus
Christi 1993, pet. ref=d); Torres v. State, 794
S.W.2d 596, 598 (Tex. App.CAustin
1990, no pet.).  Consciousness of guilt
is perhaps one of the strongest kinds of evidence of guilt.  Hyde, 846 S.W.2d at 505; Torres,
794 S.W.2d at 598.  Evidence of flight is
admissible as a circumstance from which an inference of guilt may be drawn as
long as it is first shown that it has some relevance to the offense under
prosecution.  Burks v. State, 876
S.W.2d 877, 903 (Tex. Crim. App. 1994), cert. denied, 513 U.S. 1114
(1995).  The court of criminal appeals
has held that a defendant=s failure to appear at a
previous setting of his case is properly admissible to show flight.  Aguilar v. State, 444 S.W.2d 935, 938
(Tex. Crim. App. 1969). 

Here, the record demonstrates that Mieth was aware
of the jury trial setting on June 9, 2000. 
During Moore=s testimony, the trial court
took judicial notice of the court=s file,
which included a pass slip giving notice of a setting to be held on June 9,
2000.  Mieth=s
signature appeared on the pass slip, and Moore testified that the signature
indicated that Mieth would appear at the setting.  But Mieth did not appear at the setting on
June 9, 200, which is indicative of flight. 
See id.  We hold that the
evidence of Mieth=s failure to appear had some
relevance apart from character conformity; it was evidence of flight that
tended to showed Mieth=s consciousness of guilt.  See id; Hyde, 846 S.W.2d at
505; Torres, 794 S.W.2d at 598. 
Consequently, we hold that the trial court did not abuse its discretion
by admitting this evidence.  See Moses,
105 S.W.3d at 627; Soto, 156 S.W.3d at 134.  We overrule Mieth=s third
point.

V.  Unpreserved Errors








In his fourth point, Mieth contends that the
trial court erred by admitting assistant district attorney Moore=s
testimony in violation of the Texas Disciplinary Rule of Professional Conduct
3.08 because Moore assumed dual roles of advocate and witness and did not fall
into one of the exceptions under Rule 3.08.[4]  In his fifth point, Mieth contends that
Trooper Haschel perjured himself and that because the State failed to take
corrective action, Mieth=s due process rights were
violated.  Specifically, Mieth claims
that Trooper Haschel=s testimony about the location
of a pedestrian when the trooper saw Mieth contradicted the location of the
pedestrian in the videotape.  The State
contends that Mieth did not preserve his complaint regarding these alleged
errors. 

To preserve a complaint for our review, a party
must have presented to the trial court a timely request, objection, or motion
that states the specific grounds for the desired ruling if they are not
apparent from the context of the request, objection, or motion.  Tex.
R. App. P. 33.1(a)(1); Mosley v. State, 983 S.W.2d 249, 265 (Tex.
Crim. App. 1998) (op. on reh=g), cert.
denied, 526 U.S. 1070 (1999). 
Further, the trial court must have ruled on the request, objection, or
motion, either expressly or implicitly, or the complaining party must have
objected to the trial court=s
refusal to rule.  Tex. R. App. P. 33.1(a)(2); Mendez v. State, 138
S.W.3d 334, 341 (Tex. Crim. App. 2004). 








Here, the only objections that Mieth=s
defense counsel made during Moore=s
testimony were that the evidence was irrelevant and immaterial.  These objections did not preserve his
complaint regarding any alleged violation of Texas Rule of Disciplinary Conduct
3.08.  See Tex. R. App. P. 33.1(a)(1); Mosley, 983 S.W.2d at
265.  Additionally, Mieth=s
defense counsel did not object at any point during Trooper Haschel=s
alleged perjured testimony and also fully cross-examined Trooper Haschel.  Consequently, Mieth failed to preserve his
complaint regarding any allegedly perjured testimony of Trooper Haschel.  See Tex.
R. App. P. 33.1(a)(1); Mosley, 983 S.W.2d at 265.  Consequently, we overrule Mieth=s fourth
and fifth points.

VI.  Conclusion

Having overruled Mieth=s five
points, we affirm the trial court=s
judgment.

 

 

 

SUE
WALKER

JUSTICE

 

PANEL A:   CAYCE, C.J.; GARDNER and WALKER, J.

 

DO NOT PUBLISH

Tex.
R. App. P.
47.2(b)

 

DELIVERED: March 9, 2006

 

 











[1]See Tex. R. App. P. 47.4.





[2]This court initially
dismissed Mieth=s appeal for want of
jurisdiction because he did not timely file a notice of appeal, but the court
of criminal appeals granted him leave to file an out-of-time notice of appeal,
and he did so on March 28, 2005.  See
Mieth v. State, No. AP-75,102, 2005 WL 774066, at *1 (Tex. Crim. App. Mar.
2, 2005) (not designated for publication); Ex parte Mieth, No.
02-03-00333-CR, 2003 WL 22212398, at *1 (Tex. App.CFort Worth Sept. 25,
2003, no pet.) (not designated for publication).





[3]See Tex.
R. Evid.
404(b).





[4]See Tex.
Disciplinary R. Prof=l Conduct 3.08, reprinted in
Tex. Gov=t
Code Ann.,
tit. 2, subtit. G app. A (Vernon 2005) (Tex.
State Bar R. art. X, ' 9).