Michael Edwin Mieth v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-121-CR

MICHAEL EDWIN MIETH APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 211TH DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

Appellant Michael Edwin Mieth appeals his conviction for driving while intoxicated.  A jury found Mieth guilty and assessed his punishment at twenty-five years’ confinement after he pleaded “true” to two enhancement paragraphs in the indictment.  The trial court sentenced him accordingly.  In five issues, Mieth contends that the evidence is legally and factually insufficient to support the jury’s verdict, that the trial court erred by admitting extraneous offense evidence and by admitting an assistant district attorney’s testimony, and that the State used perjured testimony in violation of his due process rights.  We will affirm.

II.  Factual and Procedural Background

On July 10, 1999, Texas Department of Public Safety Trooper Lonnie Haschel was driving north on a two-lane road when a pickup truck traveling south crossed the double yellow line and headed straight towards the trooper’s squad car.  Trooper Haschel initiated a stop of the pickup and observed that Mieth, who was the driver and sole occupant of the pickup, exhibited signs of intoxication.  Trooper Haschel performed the horizontal gaze nystagmus (HGN) test on Mieth, and Mieth demonstrated six of six possible clues indicating a loss of the normal use of mental and physical faculties.  Trooper Haschel arrested Mieth for driving while intoxicated.  On June 10, 2003, the jury found Mieth guilty of driving while intoxicated.  Mieth appealed his conviction.
(footnote: 2)   

III.  
Sufficiency of the Evidence

In his first and second points, Mieth contends that the evidence is legally and factually insufficient to support the jury’s verdict.  Specifically, he contends that the State failed to prove that he had introduced alcohol into his body on July 10, 1999, before Trooper Haschel arrested him. 

A.  Standards of Review

In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the verdict in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Hampton v. State
, 165 S.W.3d 691, 693 (Tex. Crim. App. 2005).  

This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.  
Jackson
, 443 U.S. at 319, 99 S. Ct. at 2789.  The trier of fact is the sole judge of the weight and credibility of the evidence.  
See
 Tex. Code Crim. Proc. Ann.
 art. 38.04 (Vernon 1979); 
Margraves v. State
, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000).  Thus, when performing a legal sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the fact finder.  
Dewberry v. State
, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1131 (2000).  We must resolve any inconsistencies in the evidence in favor of the verdict.  
Curry v. State
, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

The sufficiency of the evidence should be measured by the elements of the offense as defined by the hypothetically correct jury charge for the case.  
Malik v. State
, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997); 
Ortiz v. State
, 993 S.W.2d 892, 895 (Tex. App.—Fort Worth 1999, no pet.).  Such a charge would be one that accurately sets out the law, is authorized by the indictment, does not unnecessarily restrict the State’s theories of liability, and adequately describes the particular offense for which the defendant was tried.  
Gollihar v. State
, 46 S.W.3d 243, 253 (Tex. Crim. App. 2001); 
Malik, 
953 S.W.2d at 240.  The law as authorized by the indictment means the statutory elements of the charged offense as modified by the charging instrument.  
See Curry
, 30 S.W.3d at 404.  The standard of review is the same for direct and circumstantial evidence cases.  
Burden v. State
, 55 S.W.3d 608, 613 (Tex. Crim. App. 2001); 
Kutzner v. State
, 994 S.W.2d 180, 184 (Tex. Crim. App. 1999).

In contrast, when
 reviewing the factual sufficiency of the evidence to support a conviction, we are to view all the evidence in a neutral light, favoring neither party.  
See Zuniga v. State
, 144 S.W.3d 477, 481 (Tex. Crim. App. 2004).  The only question to be answered in a factual sufficiency review is whether, considering the evidence in a neutral light, the fact finder was rationally justified in finding guilt beyond a reasonable doubt.  
Id
. at 484.  There are two ways evidence may be factually insufficient:  (1) when the evidence supporting the verdict, considered by itself, is too weak to support the finding of guilt beyond a reasonable doubt; or (2) when there is evidence both supporting and contradicting the verdict and, weighing all of the evidence, the contrary evidence is so strong that guilt cannot be proven beyond a reasonable doubt.  
Id
. at 484-85.  “This standard acknowledges that evidence of guilt can ‘preponderate’ in favor of conviction but still be insufficient to prove the elements of the crime beyond a reasonable doubt.”  
Id
. at 485.  In other words, evidence supporting a guilty finding can outweigh the contrary proof but still be insufficient to prove the elements of an offense beyond a reasonable doubt.  
Id
.    In performing a factual sufficiency review, we are to give deference to the fact finder’s determinations, including determinations involving the credibility and demeanor of witnesses.  
Id.
 at 481; 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  We may not substitute our judgment for the fact finder’s.  
Zuniga, 
144 S.W.3d at 482.  

A proper factual sufficiency review requires an examination of all the evidence.  
Id
. at 484, 486-87.  An opinion addressing factual sufficiency must include a discussion of the most important and relevant evidence that supports the appellant’s complaint on appeal.  
Sims v. State
, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).

B.  Evidence of Alcohol Consumption

A person commits the offense of driving while intoxicated if he is intoxicated while operating a vehicle in a public place.  
Tex. Penal Code Ann
. § 49.04(a) (Vernon 2003).  The definition of intoxication includes “not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, a combination of two or more of those substances, or any other substance into the body.”  
Id. 
§ 49.01(2)(A).  A witness does not have to be an expert to testify that a person he observes is intoxicated by alcohol; therefore, lay opinion testimony by a police officer that a person is intoxicated is probative evidence that a person is “drunk.”  
Henderson v. State
, 29 S.W.3d 616, 622 (Tex. App.—Houston [1st Dist.] 2000, pet. ref’d).

In the present case, the evidence most favorable to the verdict is as follows.  
Trooper Haschel pulled over Mieth in his pickup truck after observing him cross the double yellow line and head towards the trooper’s vehicle. Trooper Haschel testified that Mieth smelled strongly of alcoholic beverage, that his eyes were droopy and bloodshot, that he was slow to respond to the trooper’s questions, and that his speech was slurred.  Trooper Haschel testified that Mieth exhibited six of six possible clues on the HGN test indicating a loss of the normal use of his mental and physical faculties and that Mieth failed to complete the walk and turn test.  The trooper testified that he arrested Mieth after he determined that Mieth did not have the normal use of his physical and mental faculties.  The record also demonstrates that after Mieth’s arrest, he almost fell asleep in the squad car and, at one point, urinated on himself.  At the police station, Mieth refused a breath test and, after he beat his head against the wall, said that if the police wanted to take a blood test, they would have to use the blood left on the wall.  Viewing this evidence in the light most favorable to the verdict, we hold that a rational trier of fact could have found that Mieth was intoxicated when Trooper Haschel arrested him.  
See Jackson
, 443 U.S. at 319, 99 S. Ct. at 2789; 
Hampton
, 165 S.W.3d at 693.  

The following evidence is contrary to the verdict.  The defense contended at trial that Mieth was not intoxicated but suffered from “emotional impairment” due to his nephew’s recent death, which occurred ten days prior to Mieth’s arrest.  Mieth’s longtime girlfriend, Trevina Mesa, and his friend, Eddie Gonzales, both testified that Mieth was not taking his nephew’s death well and that Mieth often talked of committing suicide after his nephew died.  Mesa testified that Mieth was a painter and that he often had bloodshot eyes after work because of the fumes and because he would put Vaseline around his eyes before putting on his mask.  She testified that on July 10, 1999, Mieth went to her house after work and that he had bloodshot eyes and seemed very tired. She testified that Mieth did not have anything to drink that night, although they usually drank in the evenings, and that Mieth left with his friend, Gonzales, at around six o’clock to help pull a friend’s truck out of some mud.  

Gonzales testified that when he and Mieth left to help their friend, Mieth was still wearing his painting clothes and that he smelled of lacquer.  Gonzales testified that Mieth began driving recklessly and talking about committing suicide.  Gonzales testified that as they were approaching a bridge, Mieth said he was going to drive off the bridge and that Gonzales asked Mieth to pull over and let him out.  Gonzales got out of Mieth’s truck and did not see or hear from Mieth again that night.   

Mieth argues that the only evidence of his intoxication was presented by the trooper’s testimony that he smelled alcoholic beverage on Mieth and that the trooper’s testimony was insufficient to prove that Mieth was intoxicated because there were other explanations for the smell.  During the defense’s cross-examination of Trooper Haschel, defense counsel asked if the trooper knew what type of alcoholic beverage he smelled on Mieth:

[Defense counsel]:  Alcoholic beverage.  Was it beer?

[Trooper Haschel]:  Don’t know.

[Defense counsel]:  Rum?

[Trooper Haschel]:  Can’t tell you.

[Defense counsel]:  Whiskey

[Trooper Haschel]:  Don’t know.

[Defense counsel]:  Denatured alcohol?

[Trooper Haschel]:  I don’t know.

[Defense counsel]:  Paint thinner?

[Trooper Haschel]:  Don’t know.

[Defense counsel]:  Mineral spirits?

[Trooper Haschel]:  Don’t know.

[Defense counsel]:  Could have been any of those things?

[Trooper Haschel]:  It was the fermentation process that the alcoholic beverage goes through that I was smelling.

Even if this was some evidence that the smell could have been something other than an alcoholic beverage, 
this evidence is not so strong that Mieth’s guilt could not be proven beyond a reasonable doubt.  
See Zuniga
, 144 S.W.3d at 484-85.
 
 Viewing all the evidence in a neutral light, favoring neither party, we hold that the jury was rationally justified in finding that Mieth was intoxicated when Trooper Haschel arrested him.  
See id.
 at 481. 

Accordingly, we hold that the evidence was legally and factually sufficient to support the jury’s verdict.  
See Jackson
, 443 U.S. at 319, 99 S. Ct. at 2789; 
Hampton
, 165 S.W.3d at 693; 
Zuniga
, 144 S.W.3d at 481.  We overrule Mieth’s first and second points.

IV.  Extraneous Offense Evidence

At trial, the State called Michael Moore, the assistant district attorney who prepared Mieth’s case for jury trial.  Over defense counsel’s objection that the evidence was irrelevant, Moore testified that Mieth had failed to appear in court on June 9, 2000, for a hearing set for that date.  

In his third point, Mieth complains that the trial court erred by admitting evidence of his extraneous offense of failure to appear.  Specifically, Mieth contends that Moore’s testimony that Mieth failed to appear for a hearing had no relevance other than to prove character conformity in violation of Texas Rule of Evidence 404(b).
(footnote: 3)  The State argues that the trial court properly admitted the evidence as evidence of Mieth’s guilt. 

The admissibility of evidence is within the discretion of the trial court and will not be overturned absent an abuse of discretion.  
Moses v. State
, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003); 
Soto v. State
, 156 S.W.3d 131, 134 (Tex. App.—Fort Worth 2005, pet. ref’d).  That is to say, as long as the trial court’s ruling was within the zone of reasonable disagreement, the appellate court should affirm. 
 Moses, 
105 S.W.3d at 627; 
see also Montgomery v. State
, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh’g); 
Karnes v. State
, 127 S.W.3d 184, 189 (Tex. App.—Fort Worth 2003, no pet.). 

Rule 404(b) prohibits the admission of evidence of “other crimes, wrongs, or acts” in a criminal case to prove that the defendant acted in conformity with his character to commit crimes.  
Tex. R. Evid.
 404(b); 
Marc v. State
, 166 S.W.3d 767, 775 (Tex. App.—Fort Worth 2005, pet. ref’d).  Such evidence of extraneous offenses may be admitted for other purposes, however, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.  
Tex. R. Evid.
 404(b); 
Moses
, 105 S.W.3d at 626.  The permissible uses of character evidence listed in rule 404(b) are illustrative, not exhaustive.  
Montgomery
, 810 S.W.2d at 387-88.  

It is a well-accepted principle that an accused person’s conduct after the commission of a crime that is indicative of a “consciousness of guilt” may be received as a circumstance tending to prove that the person committed the act with which he is charged.  
Hyde v. State
, 846 S.W.2d 503, 505 (Tex. App.—Corpus Christi 1993, pet. ref’d); 
Torres v. State
, 794 S.W.2d 596, 598 (Tex. App.—Austin 1990, no pet.).  Consciousness of guilt is perhaps one of the strongest kinds of evidence of guilt.  
Hyde
, 846 S.W.2d at 505; 
Torres
, 794 S.W.2d at 598.  Evidence of flight is admissible as a circumstance from which an inference of guilt may be drawn as long as it is first shown that it has some relevance to the offense under prosecution.  
Burks v. State
, 876 S.W.2d 877, 903 (Tex. Crim. App. 1994), 
cert. denied
, 513 U.S. 1114 (1995).  The court of criminal appeals has held that a defendant’s failure to appear at a previous setting of his case is properly admissible to show flight.  
Aguilar v. State
, 444 S.W.2d 935, 938 (Tex. Crim. App. 1969). 

Here, the record demonstrates that Mieth was aware of the jury trial setting on June 9, 2000.  During Moore’s testimony, the trial court took judicial notice of the court’s file, which included a pass slip giving notice of a setting to be held on June 9, 2000.  Mieth’s signature appeared on the pass slip, and Moore testified that the signature indicated that Mieth would appear at the setting.  But Mieth did not appear at the setting on June 9, 200, which is indicative of flight.  
See id. 
 We hold that the evidence of Mieth’s failure to appear had some relevance apart from character conformity; it was evidence of flight that tended to showed Mieth’s consciousness of guilt.  
See id
; 
Hyde
, 846 S.W.2d at 505; 
Torres
, 794 S.W.2d at 598.  Consequently, we hold that the trial court did not abuse its discretion by admitting this evidence.  
See Moses
, 105 S.W.3d at 627; 
Soto
, 156 S.W.3d at 134.  We overrule Mieth’s third point.

V.  Unpreserved Errors

In his fourth point, Mieth contends that the trial court erred by admitting assistant district attorney Moore’s testimony in violation of the Texas Disciplinary Rule of Professional Conduct 3.08 because Moore assumed dual roles of advocate and witness and did not fall into one of the exceptions under Rule 3.08.
(footnote: 4)  In his fifth point, Mieth contends that Trooper Haschel perjured himself and that because the State failed to take corrective action, Mieth’s due process rights were violated.  Specifically, Mieth claims that Trooper Haschel’s testimony about the location of a pedestrian when the trooper saw Mieth contradicted the location of the pedestrian in the videotape.  The State contends that Mieth did not preserve his complaint regarding these alleged errors. 

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion.  
Tex. R. App. P.
 33.1(a)(1); 
Mosley v. State
, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied, 
526 U.S. 1070 (1999).  Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court’s refusal to rule.  
Tex. R. App. P.
 33.1(a)(2); 
Mendez v. State
, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004). 

Here, the only objections that Mieth’s defense counsel made during Moore’s testimony were that the evidence was irrelevant and immaterial.  These objections did not preserve his complaint regarding any alleged violation of Texas Rule of Disciplinary Conduct 3.08.  
See 
Tex. R. App. P.
 33.1(a)(1); 
Mosley
, 983 S.W.2d at 265.  Additionally, Mieth’s defense counsel did not object at any point during Trooper Haschel’s alleged perjured testimony and also fully cross-examined Trooper Haschel.  Consequently, Mieth failed to preserve his complaint regarding any allegedly perjured testimony of Trooper Haschel.  
See 
Tex. R. App. P.
 33.1(a)(1); 
Mosley
, 983 S.W.2d at 265.  Consequently, we overrule Mieth’s fourth and fifth points.

VI.  Conclusion

Having overruled Mieth’s five points, we affirm the trial court’s judgment.

SUE WALKER

JUSTICE

PANEL A: CAYCE, C.J.; GARDNER and WALKER, J.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: March 9, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.

2:
This court initially dismissed Mieth’s appeal for want of jurisdiction because he did not timely file a notice of appeal, but the court of criminal appeals granted him leave to file an out-of-time notice of appeal, and he did so on March 28, 2005.  
See Mieth v. State
, No. AP-75,102, 2005 WL 774066, at *1 (Tex. Crim. App. Mar. 2, 2005) (not designated for publication); 
Ex parte Mieth
, No. 02-03-00333-CR, 2003 WL 22212398, at *1 (Tex. App.—Fort Worth Sept. 25, 2003, no pet.) (not designated for publication).

3:
See 
Tex. R. Evid.
 404(b).

4:
See 
Tex. Disciplinary R. Prof’l Conduct
 3.08, 
reprinted in
 
Tex. Gov’t Code Ann.
, tit. 2, subtit. G app. A (Vernon 2005) (
Tex. State Bar R
. art. X, § 9).