Dale HYDE, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–92–057–CR.

Court of Appeals of Texas,
Corpus Christi.

Jan. 7, 1993.

Discretionary Review Refused
May 5, 1993.

Richard W. Rogers, III, Corpus Christi, for appellant.

Grant Jones, Dist. Atty., James D. Rosenkild, Asst. Dist. Atty., Corpus Christi, for appellee.

Before NYE, C.J., and GILBERTO HINOJOSA and KENNEDY, JJ.

## OPINION

GILBERTO HINOJOSA, Justice.

A jury found appellant guilty of injury to a child, and the trial court assessed punishment at twenty years in prison. We affirm.

Appellant complains that the trial court erred by admitting evidence that he knowingly failed to appear for his first scheduled trial more than a year after the offense. Appellant argues, in point one, that this evidence was not relevant to any issue on guilt, in point two, that it was not admissible under the Texas Rules of Evidence, and in point three, that if the evidence was probative, it was inadmissible because of its prejudicial effect. The State argues that the evidence was admissible for a permissible purpose, had greater probative than prejudicial value, but if improperly admitted, was harmless error.

The evidence shows that six-year-old Michael Jaimes's mother brought him to the Corpus Christi Naval Air Station hospital on the night of February 14, 1986. Blood was coming out of his ear. Dr. James DeMasi examined Michael and found three linear marks on his neck and a circumferential print which "fit perfectly with an adult hand, suggestive of choking."

Irma De La Garza testified that on the evening in question, she and the appellant, along with her three sons, spent the evening at home. After the boys went to bed, she and appellant stayed up and watched television. Around midnight, she went to her room to get ready for bed. She then heard her son make a horrifying scream. As she went to Michael's room, appellant came out. He said, "I didn't do nothing, I didn't do nothing." She checked Michael and found his ear bleeding. Michael was crying. De La Garza decided to take her son to the hospital. The following day, De La Garza asked appellant if he hurt Michael, and appellant said he choked him. Specifically, appellant said, "I assume I did it, because there's no other explanation."

Michael testified that he was fine when he went to bed. While he was sleeping, "really hairy" arms began choking him. Because the room was dark, Michael was unable to see the assailant. The only adults who lived in the house were appellant and his mother.

Gus Rivera testified that he is the bailiff for the 319th District Court. He testified that appellant did not show up for trial in 1987. Appellant objected that the prior failure to appear was an extraneous act of misconduct which was irrelevant and prejudicial. The trial court overruled the objection and gave appellant a running objection to this type of testimony. Lydia Luis then testified that she was the court clerk for the 319th District Court. She testified that the court's docket sheet for May 11, 1987, indicates that appellant failed to appear and a capias and judgment nisi was ordered. Eugene Coffey then testified that he represented appellant on May 11, 1987, the date set for appellant's trial on injury to a child. Coffey testified that he and appellant discussed the trial date, but appellant did not appear.

In closing argument, the prosecutor asked the jury to consider appellant's failure to appear for his trial in 1987 as evidence of his guilt.

Appellant first contends that the challenged evidence was not relevant to any issue. Appellant cites Tex.R.Crim.Evid. 401 which states:

"Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

Appellant claims "the fact that [he] missed a trial setting some fourteen months after the alleged offense has no bearing as to whether or not he choked the child. It does not make any fact that is of consequence to the determination of the action more or less probable." The State counters that appellant's failure to appear and his bond forfeiture were admissible as evidence tending to show flight. Flight, the State asserts, may be considered as evidence of guilt. Appellant argues that the evidence does not show flight because appellant remained at Jaime's apartment the day after the incident. Appellant, citing *Hicks v. State*, 82 Tex.Crim. 254, 199 S.W. 487, 488 (1917), appears to concede that evidence of flight may be admissible, but asserts that his failure to appear was not truly connected with whether or not he committed the offense, and therefore was not so connected with the offense on trial as to render it relevant as a circumstance bearing upon his guilt.

We disagree with appellant's assertions. When unexplained, flight has long been deemed indicative of a "consciousness of guilt." *Logan v. State*, 510 S.W.2d 598, 600 (Tex.Crim.App.1974). A "consciousness of guilt" is perhaps one of the strongest kinds of evidence of guilt. *Torres v. State*, 794 S.W.2d 596, 598 (Tex.App.—Austin 1990, no pet.). It is consequently a well accepted principle that any conduct on the part of a person accused of a crime subsequent to its commission, which indicates a "consciousness of guilt," may be received as a circumstance tending to prove that he committed the act with which he is charged.

A defendant's failure to appear at a previous setting of his case and the forfeiture of his bond is properly admissible as evidence to show flight. *Aguilar v. State*, 444 S.W.2d 935, 938 (Tex.Crim.App.1969); *see Cantrell v. State*, 731 S.W.2d 84 (Tex. Crim.App.1987). Flight, in the context of bail-jumping, may be construed as evidence of guilt. *Cantrell*, 731 S.W.2d at 731. To exclude evidence of flight, the defendant has the burden to affirmatively show that the flight is directly connected to some

other transaction that is not connected with the offense on trial. *Wockenfuss v. State*, 521 S.W.2d 630, 632 (Tex.Crim.App.1975); *see Havard v. State*, 800 S.W.2d 195 (Tex. Crim.App.1989).

While appellant may not have fled immediately after committing the offense, he did jump bail and fail to appear to avoid the consequences of his actions. The evidence was relevant to show guilt. Appellant's first point is overruled.

In point two, appellant claims that the trial court erred in admitting the evidence because "it was evidence of a crime, wrong, or act that had no permissible purpose." We disagree. Our discussion above shows that evidence of flight is an act which occurs after the offense which is relevant to establish guilt. Point two is overruled.

In point three, appellant contends that the trial court erred because the danger of unfair prejudice outweighed its probative value. We disagree. Appellate courts uphold a trial court's ruling on appeal absent an abuse of discretion. *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim.App.1990) (Opinion on Rehearing). The evidence established flight, and thus was relevant to showing guilt. We admit, given the weight of the State's other evidence, that appellant's failure to appear may not have added much to the State's case. But likewise, appellant's failure to appear is not the type of misconduct that can be said to have great unfair prejudicial danger. We do not find that the trial court abused its discretion. Appellant's third point is overruled.

The judgment of the trial court is affirmed.