# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00034-CR
## NO. 03-02-00035-CR

**David Bryan Hume, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TARRANT COUNTY, 371ST JUDICIAL DISTRICT
### NO. 0795580D & 0795581D, HONORABLE JAMES R. WILSON, JUDGE PRESIDING

A jury found appellant David Bryan Hume guilty of two offenses of indecency with a child by exposure. *See* Tex. Pen. Code Ann. ' 21.11(a)(2)(A) (West Supp. 2002). The district court assessed punishment for each offense at eight years in prison. Appellant raises two issues and contends that (1) the district court abused its discretion when it overruled his objections and allowed the State to present evidence that he resisted arrest and (2) he received ineffective assistance of counsel because his trial attorney misunderstood the law regarding community supervision. We will affirm the judgments.

**Background**

As appellant does not challenge the sufficiency of the evidence, we briefly review the facts of the case. On August 15, 1999, North Richland Hills police officers were dispatched to an apartment complex to investigate a report that appellant exposed his genitals in the presence of children swimming in the pool. A twelve-year-old boy and his thirteen-year-old sister testified that while they were swimming, appellant was in the pool masturbating under water. The girl testified that appellant stared at her the entire time. The children told their father about the incident on their way home from the pool.

**Discussion**

Appellant first contends that the district court abused its discretion by admitting evidence related to his arrest for the offenses. Appellant contends that such evidence was irrelevant, was improper character evidence, and even if the evidence was relevant, its probative value was outweighed by unfair prejudice. Second, appellant contends that he received ineffective assistance of counsel during the punishment phase of trial because his attorney did not understand the law regarding community supervision.

*Admission of evidence related to arrest*

After witnesses testified about events at the pool, the State announced that it intended to offer evidence related to appellant=s arrest for these offenses. Outside the jury=s presence, Detective Enriqueta Garcia testified that she and her partner located appellant at work on a church roof. Garcia called to appellant and he came down. Garcia identified herself and her partner as police officers and told appellant she had a warrant for his arrest. Appellant lied about his identity and told Garcia he was not

2

David but was his brother, ATony.@ Garcia responded that she had seen his picture, that he was David, and that he was under arrest for the offense of indecency with a child. When Garcia persisted that appellant was indeed the individual listed on the warrant, appellant walked away from her and attempted to leave through a nearby door; however, the door was locked. Garcia followed appellant, grabbed him, and as she did so, he threw her off and ran up some nearby scaffolding. Garcia followed appellant, and when she grabbed his legs, he kicked her several times in the head and shoulders. Garcia=s partner handcuffed appellant to a railing. Appellant eventually calmed down and went with the officers. Appellant objected that such evidence was irrelevant and was improper character evidence. *See* Tex. R. Evid. 401, 404(b). Further, appellant objected that in the event the district court determined such evidence was relevant, the evidence should be excluded because the probative value of the evidence was clearly outweighed by its unfair prejudicial effect. *See* Tex. R. Evid. 403. The district court overruled appellant=s objections and allowed Garcia to testify before the jury about appellant=s arrest.

*Montgomery v. State* set the standard for review of evidentiary rulings relating to extraneous acts. 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh=g); *see also Rankin v. State*, 974 S.W.2d 707, 718 (Tex. Crim. App. 1998). *Montgomery* defined relevant evidence and discussed the admissibility of that evidence as well as a trial court=s role in determining admissibility. *Rankin*, 974 S.W.2d at 718.

As defined in Rule 401, Arelevant@ evidence is evidence that has Aany tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable then it could be without the evidence.@ Tex. R. Evid. 401. If the evidence is relevant it is

admissible so long as no constitutional provision, statute, or rule bars its admissibility. Tex. R. Evid. 402. Relevant evidence, however, may not be admissible for every purpose. Rule 404(b) bars evidence of Aother crimes, wrongs or acts@when that evidence is admitted for the purpose of proving Athe character of a person in order to show that he acted in conformity therewith.@ Tex. R. Evid. 404(b). Rule 404(b) incorporates the fundamental tenet of our criminal justice system that an accused may be tried only for the offense for which he is charged and not his criminal propensities. *Owens v. State*, 827 S.W.2d 911, 914 (Tex. Crim. App. 1992). Evidence of other crimes, wrongs or acts, however, may be admissible if such evidence has relevance apart from its tendency to prove character conformity. Tex. R. Evid. 404(b); *Montgomery*, 810 S.W.2d at 387. Consequently, if a defendant objects on the ground that the evidence is not relevant, violates Rule 404(b), or constitutes an extraneous act, the proponent must show that the evidence has some relevance apart from showing bad character. *Montgomery*, 810 S.W.2d at 387.

If the trial judge determines that the evidence has no relevance apart from character conformity, it is inadmissible. *Id.* If the proponent persuades the trial court that the evidence is admissible for some other permissible purpose, and that purpose Atends in logic and common experience to . . . make the existence of a fact of consequence more or less probable than it would be without the evidence,@ the evidence is admissible. *Montgomery*, 810 S.W.2d at 391. Extraneous-act evidence is considered relevant only (1) when it logically makes an elemental fact, such as identity, or intent more or less probable; (2) makes an evidentiary fact, such as motive, opportunity or preparation, that inferentially leads to an elemental fact more or less probable; or (3) makes defensive evidence undermining an elemental fact more or less probable. *Id.* at 387-88.

4

A trial court=s admission of extraneous-acts evidence is not reviewed *de novo* but under an abuse of discretion standard. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1999). As long as the trial judge properly admitted the evidence in light of the factors enunciated in *Montgomery* and the trial court=s decision to admit the evidence lies Awithin the zone of reasonable disagreement@ the decision will be upheld. *Rankin*, 974 S.W.2d at 718 (citing *Montgomery*, 810 S.W.2d at 391). On the other hand, when the appellate court can say with confidence that by no reasonable perception of common experience can it be concluded that proffered evidence has a tendency to make the existence of a fact of consequence more or less probable than it would otherwise be, then it can be said the trial court abused its discretion to admit the evidence. *Montgomery*, 810 S.W.2d at 391.

Appellant contends that the evidence related to his arrest was improper character evidence in that it showed only Aappellant=s dangerous character.@ He contends that the evidence was not part and parcel of the indecency offenses and was not relevant to any contested issue in the case other than appellant=s character. He contends the evidence allowed the jury to convict appellant not for what the facts established regarding the charged offenses but for being a criminal generally. Appellant contends that at best this evidence was Abackground contextual evidence@ relating solely to his character and did not make it more likely than not that appellant committed the offenses. Further, appellant contends that even if the evidence was relevant, it should have been excluded because its probative value was outweighed by its prejudicial effect.

The State responds that the district court properly admitted the evidence related to appellant=s arrest because his attempt to deceive Garcia by claiming to be ATony,@ his attempt to flee, and

5

his assault of Garcia were indicative of a Aconsciousness of guilt@ or were circumstances from which an inference of guilt could properly be drawn. *See Burks v. State*, 876 S.W.2d 877, 903 (Tex. Crim. App. 1994); *Foster v. State*, 779 S.W.2d 845, 859 (Tex. Crim. App. 1989). It is well accepted that any conduct by a defendant accused of a crime after its commission which indicates a consciousness of guilt may be received as a circumstance tending to prove that he committed the act with which he is charged. *Hyde v. State*, 846 S.W.2d 503, 505 (Tex. App.CCorpus Christi 1990, pet. ref=d); *Torres v. State*, 794 S.W.2d 596, 598 (Tex. App.CAustin 1990, no pet.). A consciousness of guilt is perhaps one of the strongest kinds of evidence of guilt. *Hyde*, 846 S.W.2d at 505; *Torres*, 794 S.W.2d at 598. Before such evidence is admitted, however, the State must establish that it has some relevance to the offense under prosecution. *Burks*, 876 S.W.2d at 903. Once the State established the relevancy requirement, evidence of Aescape from custody or flight to avoid arrest@ is admissible unless the defendant shows that escape or flight was connected to some other transaction unrelated to the charged offense. *Id.* (citing *Rumbaugh v. State*, 629 S.W.2d 747, 752 (Tex. Crim. App. 1982)). Flight is no less relevant if it is flight to avoid arrest. *Burks*, 876 S.W.2d at 903; *Foster*, 779 S.W.2d at 859. Additionally, a lapse of time between commission and a defendant=s flight does not necessarily adversely affect the admissibility of the flight. *Burks*, 876 S.W.2d at 903.

The evidence showed that appellant acted deceptively and attempted to flee only when Garcia advised appellant that she had a warrant for his arrest for the offense of indecency with a child. We hold that the State established that appellant=s attempted deception, flight and assault of Garcia were related to the charged indecency offense, indicated appellant=s consciousness of guilt, and were circumstances from

6

which an inference of guilt for the acts with which he was charged could be properly drawn. Further, appellant failed to show that his deception and flight were connected to another transaction unrelated to the charged offenses.

Having determined that the evidence was relevant, we review the district court=s determination that the probative value of the evidence was not outweighed by its prejudicial effect. The trial court is given wide latitude to exclude or, particularly in view of the presumption of admissibility of relevant evidence, to admit evidence as it sees fit. *Montgomery*, 810 S.W.2d at 390. So long as the trial court acted within the boundaries of its discretion, an appellate court should not disturb its decision. *Id.*

The term Aunfair prejudice@ does not mean that the evidence will not injure or prejudice the appellant=s case. Rather, the term refers to an undue tendency to suggest a decision on an improper basis. *See Torres*, 794 S.W.2d at 600. While the evidence related to appellant=s arrest did not place him in a positive light, it demonstrated appellant=s consciousness of guilt. Further, appellant does not suggest any specific prejudicial effect arising from the admission of the evidence, but argues broadly that the evidence prejudiced him by allowing the jury to convict him for being a criminal generally. We hold that the district court did not abuse its discretion in admitting evidence related to appellant=s arrest. Appellant=s first issue is overruled.

*Ineffective assistance of counsel*

Appellant contends that he received ineffective assistance of counsel during the punishment phase of trial. When appellant=s attorney asked appellant=s father about placing appellant on community supervision, the following occurred:

7

| | |
|---|---|
| [State=s attorney]: | He=s not eligible. |
| [Appellant=s attorney]: | The Judge could do it. |
| [State=s attorney]: | If he pled guilty to the Court, the Judge could defer him. |
| [The Court]: | He=s already been found guilty by a jury.  There=s already been a finding of guilt. |
| [Appellant=s attorney]: | Okay. |
| [Appellant=s attorney]: | Mr. Hume [appellant=s father], I misspoke regarding [community supervision].  That is not an option in this case. All right?  You understand that? |
| [Appellant=s father]: | Yes, sir. |
| [Appellant=s attorney]: | But you are asking the Court to be merciful on your son in this case. |
| [Appellant=s father]: | Yes, sir.  I pray that they will be. |

Appellant contends that his attorney=s misunderstanding of the law regarding community supervision constituted ineffective assistance of counsel.

To prevail on an ineffective assistance of counsel contention, the appellant bears the burden of showing (1) deficient performance and (2) prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Jackson v. State*, 877 S.W.2d 768 (Tex. Crim. App. 1994).  To prove deficiency, an appellant must demonstrate that counsel=s performance fell below an objective standard of reasonableness or deviated from prevailing professional norms. *Strickland*, 466 U.S. at 688.  Judicial scrutiny of counsel=s performance should be highly deferential. *Id.* at 689.  An appellant must overcome a strong presumption

that an attorney=s actions were sound trial strategy.  *Id.*; *Jackson*, 877 S.W.2d at 771.  Further, to show prejudice, Athe defendant must show that there is a reasonable probability that, but for counsel=s unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.@  *Id.* (citing *Strickland*, 466 U.S. at 694). Further, while a single egregious error of commission or omission may be sufficient, reviewing courts are hesitant to declare counsel ineffective based on a single alleged miscalculation.  *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

In order to effectively present and argue an issue of ineffective assistance of counsel, the appellant must develop a record focused on the conduct of trial counsel should be developed.  *Jackson*, 877 S.W.2d at 772 (Baird, J., concurring).  This is because a trial record is generally insufficient to address claims of ineffective assistance of counsel in light of the strong presumption that trial counsel=s conduct falls within the wide range of reasonable professional assistance.  *Mallett v. State*, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001).

To succeed on an ineffective assistance of counsel claim based on counsel=s misunderstanding of the law related to community supervision, there must be more apparent from the record than trial counsel=s mere mistake.  *State v. Recer*, 815 S.W.2d 730, 731 (Tex. Crim. App. 1991). Appellant must demonstrate he was initially eligible to receive community supervision; his counsel=s advice not to plead guilty was not given pursuant to a valid trial strategy; his decision on which finder of fact, the judge or the jury, would assess punishment was based on counsel=s erroneous advice; and appellant=s

decision would have been different had counsel correctly advised him of the applicable law. *Id.* at 731-32; *Pena-Mota v. State*, 986 S.W.2d 341, 348 (Tex. App.CWaco 1999, no pet.).

Here, because appellant had a prior felony conviction for injury to a child, after pleading not guilty and having been found guilty, he was not eligible for community supervision regardless of whether the jury or the district judge assessed punishment. However, had appellant pleaded guilty to these offenses and asked the district judge to assess punishment, the judge would have had the option to give appellant deferred adjudication community supervision. *See* Tex. Code Crim. Proc. Ann. art. 42.12, ' 5(a) (West Supp. 2002). Here, appellant filed a motion for new trial which was overruled by operation of law. There was no record made regarding questions about appellant=s trial counsel=s conduct or the strategical bases for any of his decisions. Without such a record, this Court cannot determine whether counsel recommended that appellant plead guilty or not guilty and whether such advice was pursuant to sound trial strategy. *See Pena-Mota*, 986 S.W.2d at 348. Furthermore, there is nothing in the record indicating that appellant would have pleaded differently had he known that if he had done so the district judge would have had the option to grant him deferred adjudication community supervision. Given the paucity of the record regarding this issue, we cannot say that appellant has shown his trial counsel was ineffective. Appellant=s second issue is overruled.

## Conclusion

The judgments of conviction are affirmed.

 

_____

Bea Ann Smith, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Affirmed

Filed: August 30, 2002

Do Not Publish