TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-05-00711-CR






Bobby Dale Nelson, Appellant


v.


The State of Texas, Appellee






FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 51ST JUDICIAL DISTRICT

NO. A-04-0576-S, HONORABLE BARBARA WALTHER, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N



 Appellant Bobby Dale Nelson appeals a conviction for aggravated assault with a
deadly weapon. Tex. Penal Code Ann. § 22.02(a)(2) (West Supp. 2006). A jury found Nelson guilty
and found true the two paragraphs in the indictment alleging that Nelson had been convicted of two
prior felonies, which allowed an enhanced range of punishment. Id. § 12.42(d). The jury assessed
punishment at 99 years' imprisonment in the institutional division of the Texas Department of
Criminal Justice. We will affirm.

 

BACKGROUND

 

 Nelson was arrested for assaulting his cousin, Vicky Lynn Daniels, on May 10, 2004. 
Daniels alleged that Nelson struck her repeatedly with his fists and at least once with an axe handle. 
Nelson admitted striking Daniels with his fists, but denied that he hit her with the axe handle. 

 During the course of the police investigation, Nelson requested a polygraph
examination and the San Angelo Police Department agreed to examine him. At trial the polygraph
examiner, Detective James Johnson, testified as to what Nelson told him in a post-examination
interview.

 The trial was originally set for February 16, 2005. Nelson failed to appear at this trial
setting. Nelson's bond was forfeited, and he was eventually brought to trial on July 18, 2005.


DISCUSSION


 Nelson raises two issues on appeal. First, Nelson argues that the State obtained his
conviction through the knowing use of perjured testimony. (1) This argument is based on the testimony
of Detective Johnson, the polygraph examiner. At trial, defense counsel cross-examined Detective
Johnson: 


Q. And the--is it fair to say that the purpose of your being involved in this case
and your interview was to try to determine whether Mr. Nelson was telling
the truth in--in his version of the--of the incident?


A. No, sir.


Q. That was not it?


A. No, sir, my job was to get his version. I don't think I was looking at truth or
not. I was trying to see what his side of the story was.


 It is well-settled that the State may not obtain a conviction through the knowing use
of perjured testimony. Losada v. State, 721 S.W.2d 305, 311 (Tex. Crim. App. 1986). Because a
prosecutor's knowing use of perjured testimony violates the Due Process Clause of the Fourteenth
Amendment of the United States Constitution, any resulting conviction must be reversed unless the
reviewing court is convinced beyond a reasonable doubt that the perjury did not contribute to the
conviction or punishment. Tex. R. App. P. 44.2(a); Ex parte Castellano, 863 S.W.2d 476, 485 (Tex.
Crim. App. 1993). 

 Nelson argues that because Detective Johnson's only role in the case involved
administering a polygraph examination, his testimony at trial that he was not trying to determine
whether Nelson was being truthful constituted perjury. The State offers several arguments in
response. First, the State argues that Detective Johnson's testimony was truthful. In the alternative,
the State argues that if Detective Johnson's testimony was false, he did not have the intent to
deceive, but rather to avoid improper testimony concerning the polygraph examination. Third, the
State argues that even if Detective Johnson's testimony constituted perjury, Nelson has made no
showing that the statement was material or that he was harmed. 

 The State's argument that Detective Johnson's testimony was truthful has some merit. 
Technically speaking, the purpose of Detective Johnson's interview was to determine whether
Nelson gave off physical signs of deception while telling his version of the incident in question. 
Presumably the results of the polygraph examination would be reviewed, along with many other
pieces of information gathered in the investigation, by someone other than Detective Johnson
(perhaps the Assistant District Attorney assigned to the case) to determine whether Nelson was
telling the truth. However, we need not even reach this issue because, as explained below, we hold
that Nelson was not harmed by this portion of Detective Johnson's testimony.

 The State's argument that if Detective Johnson's testimony was false, it was not made
with the intent to deceive, is without merit. The desire to avoid improper testimony and the intent
to deceive are not mutually exclusive. If Detective Johnson testified falsely because of a desire to
avoid improper testimony, he had the intent to deceive. See Tex. Penal Code Ann. § 6.03(a) (West
2003) (providing that a person acts with intent when he has a "conscious objective" to cause the
result of his conduct). That his motive may have been to avoid the jury being tainted by hearing
improper testimony does not change this fact.

 It is clear that "the existence and results of a polygraph examination are inadmissible
for all purposes." Tennard v. State, 802 S.W.2d 678, 683 (Tex. Crim. App. 1990). However,
questions concerning the admissibility of evidence are to be decided by the court, not by the
witnesses. Tex. R. Evid. 104(a). A witness's role in court proceedings is to answer questions
truthfully, not to determine what is proper or improper testimony to censor himself accordingly. If
Detective Johnson purposely testified falsely, he would not be excused by a desire to protect the jury
from hearing inadmissible evidence. However, this issue is not dispositive because Nelson was not
harmed by this portion of Detective Johnson's testimony. 

 A conviction based on perjured testimony must be reversed unless we find beyond
a reasonable doubt that the perjury did not contribute to the conviction or punishment. Tex. R. App.
P. 44.2(a); Castellano, 863 S.W.2d at 485. Here, Nelson suffered no harm as a result of this portion
of Detective Johnson's testimony. Nelson argues in his brief only that Detective Johnson's
testimony left "a false impression as to the function of his interview." But Nelson does not argue
that this "false impression" contributed to his conviction or punishment, nor do we see any way it
could have. If Detective Johnson had testified that his purpose was to determine whether Nelson was
telling the truth, it is unclear how this would have had any effect on the jury's assessment of
Detective Johnson's testimony about the statements Nelson made to him in the interview.

 Nelson does argue that if Detective Johnson had testified that his purpose was to
determine if Nelson was telling the truth, then testimony concerning the results of the polygraph
examination might have been admitted by the trial court. Nelson cites Duckett v. State, 797 S.W.2d
906 (Tex. Crim. App. 1990), for the proposition that trial courts have discretion to admit testimony. 
However, as noted above, the court of criminal appeals has stated unequivocally in a case decided
after Duckett that "the existence and results of a polygraph examination are inadmissible for all
purposes." Tennard, 802 S.W.2d at 683. Moreover, there is no reason that Detective Johnson's
testimony prevented defense counsel from inquiring about the polygraph examination, if he thought
it might be admitted. However, defense counsel did not pose any questions to Detective Johnson
concerning the existence or results of the polygraph examination.

 Because we find beyond a reasonable doubt that the portion of Detective Johnson's
testimony in question, even if perjured, did not contribute to Nelson's conviction or punishment, we
overrule Nelson's first issue on appeal.

 In Nelson's second issue, he argues that the trial court erred by admitting three pieces
of evidence relating to his failure to appear at the February 16, 2005 trial setting, over his objection
that the probative value of this evidence was substantially outweighed by the danger of unfair
prejudice. Tex. R. Evid. 403. The evidence admitted included Nelson's original bail bond, a
Bailiff's Certificate indicating that Nelson did not answer or appear after the bailiff called his name
three times at the courthouse door on the morning of the trial setting, and the Judgment Nisi
forfeiting Nelson's bond. Nelson argues that this evidence has no probative value on the issue of
his guilt for aggravated assault because the State did not offer any reason for his failure to appear for
trial. He argues that the danger of unfair prejudice is substantial, and thus the trial court should have
excluded the evidence. 

 We review evidentiary rulings by the trial court using an abuse of discretion standard. 
Richardson v. State, 879 S.W.2d 874, 881 (Tex. Crim. App. 1993). A trial court abuses its discretion
with respect to an evidentiary ruling when its decision is outside the zone of reasonable
disagreement. Id.

 The court of criminal appeals has held that Rule 403 objections should be analyzed
using a balancing test that includes the following factors:


(1) how compellingly the extraneous offense evidence serves to make a fact of
consequence more or less probable--a factor that is related to the strength of the
evidence presented by the proponent to show the defendant in fact committed the
extraneous offense;


(2) the potential the other offense evidence has to impress the jury "in some irrational
but nevertheless indelible way;"


(3) the time the proponent will need to develop the evidence during which the jury
will be distracted from consideration of the indicted offense;


(4) the force of the proponent's need for this evidence to prove a fact of consequence,
i.e., does the proponent have other probative evidence available to him to help
establish this fact, and is this fact related to an issue in dispute.



Wyatt v. State, 23 S.W.3d 18, 26 (Tex. Crim. App. 2000). Nelson argues with respect to the first
factor that his failure to appear is no evidence of his guilt. However, as the State points out, the court
of criminal appeals has repeatedly held that a criminal defendant's failure to appear and the forfeiture
of the defendant's bond may be used to show flight. See, e.g., Cantrell v. State, 731 S.W.2d 84, 93
(Tex. Crim. App. 1987); Aguilar v. State, 444 S.W.2d 935, 938 (Tex. Crim. App. 1969). And flight,
in the context of bail-jumping, may be construed as evidence of guilt. Cantrell, 731 S.W.2d at 93.

 Evidence of a defendant's failure to appear at trial and of the forfeiture of his bond
is not the type of evidence that is likely to produce an irrational emotional reaction from the jury. 
Hyde v. State, 846 S.W.2d 503, 505 (Tex. App.--Corpus Christi 1993, pet. ref'd). Also, the State
used very little time developing this evidence. The State did not even call a witness to lay a
foundation to introduce these documents, as Nelson stipulated to the documents' authenticity. 
Finally, the State did not have a great need for this evidence to prove guilt because it had ample other
evidence. However, as explained above, Nelson's failure to appear and the forfeiture of his bond
were some evidence of guilt, and no single factor in the test is dispositive.

 Since at least three of the four factors in the Rule 403 balancing test pointed toward
admission of the evidence, we hold that the trial court did not abuse its discretion in admitting
evidence of Nelson's failure to appear at his original trial setting and forfeiture of his bond. We
overrule Nelson's second point of error.


CONCLUSION


 Because we overrule all of Nelson's issues on appeal, we affirm the judgment of
conviction entered by the trial court.


 _____________________________________

 Bea Ann Smith, Justice

Before Justices B. A. Smith, Puryear and Waldrop

Affirmed

Filed: September 8, 2006

Do Not Publish
1. We note here that the State did not present any of the allegedly perjured testimony. All the
testimony complained of was developed on cross-examination. This fact alone is enough to dispose
of Nelson's argument. Luck v. State, 588 S.W.2d 371, 373 (Tex. Crim. App. 1979). However, in
the interests of justice we will address the issue as briefed.