

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-07-00160-CR
_____

JAMSEY BELLE, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 114th Judicial District Court
Smith County, Texas
Trial Court No. 114-2746-06

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Jamsey Belle appeals his conviction by a jury of possession of a controlled substance (cocaine) in an amount of less than one gram. Belle pled "true" to the enhancement paragraph, and the jury assessed his punishment at ten years' imprisonment.

In his sole point of error on appeal, Belle contends the trial court erred by admitting evidence that he had failed to appear for a previous trial and that the error was of such magnitude as to justify reversal. We disagree and affirm.

The record shows that the case was originally called for trial on February 26, 2007. Belle did not appear. Before the next trial setting of September 5, 2007, the State filed a notice of intent to offer evidence, stating that it intended, among other things, to offer evidence of Belle's failure to appear for trial "on or about February 27, 2007."

When the State indicated that it planned to offer evidence about that matter, counsel objected on the basis that the evidence was more prejudicial than probative. The court overruled the objection and allowed Belle a running objection to the evidence. The State introduced evidence through Officer Bart Lemons that Belle had failed to appear at the trial and that Lemons had arrested him for a bond forfeiture.

The question before us is whether the evidence was inadmissible because it is evidence of such a nature that its probative value was substantially outweighed by the danger of unfair prejudice. *See* TEX. R. EVID. 403.

A trial court, when undertaking a Rule 403 analysis, must balance (1) the inherent probative force of the proffered item of evidence along with (2) the proponent's need for that evidence against (3) any tendency of the evidence to suggest decision on an improper basis, (4) any tendency of the evidence to confuse or distract the jury from the main issues, (5) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence, and (6) the likelihood that presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted. *Gigliobianco v. State*, 210 S.W.3d 637, 641–42 (Tex. Crim. App. 2006); *see Casey v. State*, 215 S.W.3d 870, 879 (Tex. Crim. App. 2007) (should determine if probative value substantially outweighed by one of the countervailing considerations listed in the rule). The trial court's determination under the Rule 403 balancing test is only reversed for abuse of discretion. *Mozon v. State*, 991 S.W.2d 841, 847 (Tex. Crim. App. 1999).

Belle argues that the trial court erred in admitting the evidence because its negligible probative value as to the crime at bar was clearly outweighed by its prejudicial effect. He supports this argument by pointing to the jury's focus on this specific evidence, as shown by jury notes sent out during deliberations, and the State's emphasis on the evidence, arguing that this shows the jury's decision was made on an improper basis. He also suggests that the evidence is at most only marginally probative as to the actual crime at bar, and thus the court abused its discretion by choosing to admit the evidence.

3

There is substantial authority holding that an accused person's conduct after the crime, including failure to appear at a trial setting, can indicate a consciousness of guilt—and is admissible as evidence tending to prove commission of the crime. *Hyde v. State*, 846 S.W.2d 503, 505 (Tex. App.—Corpus Christi 1993, pet. ref'd) (citing *Aguilar v. State*, 444 S.W.2d 935, 938 (Tex. Crim. App. 1969)).

Unfair prejudice does not refer to an adverse or detrimental effect of evidence, but instead to an undue tendency to suggest a decision made on an improper basis, commonly an emotional one. *See Gigliobianco*, 210 S.W.3d at 641. Obviously, it does not arise from the mere fact that evidence injures a party's case—the purpose of evidence offered by a party is to be prejudicial to his or her opponent's case. *Casey*, 215 S.W.3d at 883.

Evidence is unfairly prejudicial only when it tends to have an adverse effect beyond tending to prove the fact or issue that justifies its admission as evidence. *Id.* As most recently explained by the Texas Court of Criminal Appeals, the question is whether the evidence is of such a nature as to suggest that the jury's decision would be made based on an improper basis upon its admission. *Gigliobianco*, 210 S.W.3d at 641.

The probative value of this evidence is that it shows a form of flight, which in turn may be construed as consciousness of guilt. *Hyde*, 846 S.W.2d at 505. While this evidence is not essential, it serves to assist in convincing a jury of the defendant's guilt. Since the rationale for this type evidence has been sanctioned by the courts, we find it does not suggest that a decision should be

4

made on an improper basis or confuse or distract the jury. There is no reason to conclude this jury was not equipped to properly weigh this evidence. The presentation of the evidence did not consume an inordinate amount of time or repeat previously admitted evidence.

A trial court's decision in balancing these factors is reviewed under the abuse of discretion standard and is disturbed on appeal only when the trial court's decision falls outside the zone of reasonable disagreement. *Casey*, 215 S.W.3d at 879 (citing *Montgomery v. State*, 810 S.W.2d 372, 391–92 (Tex. Crim. App. 1990) (op. on reh'g)).

We conclude, based on the factors set out above, that the decision of the trial court to admit the evidence was within the zone of reasonable disagreement, and thus was within the discretionary authority of the court. The contention of error is overruled.

We affirm the judgment.


Jack Carter
Justice

Date Submitted:     May 27, 2008
Date Decided:       May 29, 2008

Do Not Publish