

# NUMBER 13-11-00398-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**DARRELL GENE OLSOVSKY,**                                                      **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                            **Appellee.**

---

### On appeal from the 24th District Court
### of Jackson County, Texas.

---

# MEMORANDUM OPINION

### Before Justices Benavides, Vela, and Perkes
### Memorandum Opinion by Justice Perkes

Appellant, Darrell Gene Olsovsky, appeals his conviction for felony driving while intoxicated, a third-degree felony, enhanced at the punishment phase of trial to a habitual-felony offense by three prior felony convictions. *See* TEX. PENAL CODE ANN. §§ 12.42(b), 49.09(b) (West 2011). Following a jury trial, appellant was found guilty, and the trial court sentenced him to a term of fifty years of confinement in the Texas Department

of Criminal Justice, Institutional Division.[1]   By one issue, appellant claims the evidence is insufficient to sustain his conviction because no eyewitness testified to seeing appellant operate a motor vehicle on a public roadway while intoxicated.   We affirm.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

On March 26, 2010, Department of Public Safety Trooper Brandon Curlee responded to single car accident near Edna, Texas.   At 8:12 p.m., the police department received a call concerning the accident.   At 8:43 p.m., Trooper Curlee arrived at the accident site and found a van sitting in a cornfield, registered to appellant with damage to the right front wheel. Appellant was not at the scene when Trooper Curlee arrived.

Trooper Curlee inspected the van and detected a strong smell of alcohol.   However, his inspection of the van yielded no alcoholic beverages or containers.   The hood of the van

---

[1]   This fifty year sentence is the result of two statutes elevating appellant's sentence from the normal range associated with the offense of driving while intoxicated.   Appellant's sentence results from (1) conviction of felony driving while intoxicated and (2) being categorized as a habitual felony offender.
   A person commits the offense of felony driving while intoxicated when (1) the party was intoxicated while driving, and (2) the party has at least two prior convictions for "any other offense related" to driving while intoxicated.   TEX. PENAL CODE ANN. § 49.09(b)(2) (West 2011).   Under such circumstances, the party is guilty of a felony of the third degree.   *Id.* "Any other offense" includes driving while intoxicated, as codified in section 49.04(a).   *Id.* at § 49.09(c)(1)(A).   Therefore, to establish felony driving while intoxicated, the relevant inquiry is whether the party was driving while intoxicated under the facts before the court and whether the party has two previous convictions for driving while intoxicated.   *Id.* at § 49.09(b)(2).
   Before trial, appellant pled true to two previous driving while intoxicated convictions in 1980 and 1985.   Therefore, appellant did not contest the requisite prior convictions necessary to satisfy the felony enhancement in Penal Code section 49.09(b)(2).   Those two prior convictions, combined with this current conviction, result in the offense of felony driving while intoxicated, a third-degree felony.
   At the punishment phase of trial, the trial court enhanced that third-degree felony with three previous felony convictions and categorized appellant as a habitual felony offender.   The punishment range for habitual felony offenders is elevated to twenty-five years to life in prison.   *Id.* § 12.42(d).   A habitual felony offender is one who has committed two previous felonies in addition to the current felony conviction.   *Id.* The two previous felonies must have occurred at separate times, with the second felony occurring after the conviction for the first felony was final.   *Id.*
   Before the punishment hearing, appellant pled true to the following five additional convictions:   driving while intoxicated in 1981 and 1992, felony driving while intoxicated in 1984 and 1992, aggravated perjury (felony) in 1984.   The three previous felony convictions in 1984 and 1992, combined with the current conviction of a third-degree felony, made appellant a habitual felony offender as defined by section 12.42(d). *See id.*

was warm to the touch, which Trooper Curlee viewed as an indication that the accident was relatively recent. Trooper Curlee observed skid marks on the road and tire tracks on the ground that corresponded to the position of the wrecked van. After learning appellant owned the van, Trooper Curlee went to appellant's mother's house (Evelyn Olsovsky), which was approximately one-half mile from the accident site.

Upon arrival at appellant's mother's house, Trooper Curlee asked appellant's mother if she knew of appellant's whereabouts. After replying she did not know, she gave Trooper Curlee permission to search her house. He called for back-up to aid in the search, which commenced when Edna Police Officers Jeff Tipton and David Merritt arrived. While the officers were searching the premises, appellant emerged from a white car that was parked in the driveway, and this was captured on the camera of Trooper Curlee's police cruiser. Once outside the car, appellant moved into a shed on the side of the house and later re-emerged to defecate in the backyard. Officer Tipton noticed appellant's movement and called out, at which point appellant pulled up his pants and ran back into the shed. Trooper Curlee thereafter apprehended appellant.

During questioning, appellant admitted to being the sole occupant and driver of the van. In the presence of two officers, appellant also admitted to consuming alcohol, specifically whiskey. Appellant stated he had not consumed any alcohol since before the accident. Trooper Curlee testified that appellant smelled strongly of alcohol, his speech was "thick-tongued," and his eyes were "red and glassy." He administered a field sobriety test. Appellant failed the "horizontal gaze nystagmus test" and refused to submit to a one-leg stand and a walk-and-turn test. At 9:24 p.m., Trooper Curlee and appellant arrived

at the hospital, where appellant submitted to a blood test. The test revealed a blood alcohol level of 0.29.

Delton Spree, a friend of appellant, testified that on the day of the accident, appellant had been at Spree's house which is about four miles from the accident site. He testified that appellant had been drinking and may have been in an intoxicated state. He also testified, however, that when appellant left his house around 8:00 p.m., appellant was not intoxicated.

The jury found appellant guilty of felony driving while intoxicated. Appellant elected to have the trial court assess punishment. Appellant pled true to his prior convictions. The trial court sentenced appellant to fifty years in prison. This appeal followed.

## II. ANALYSIS AND DISCUSSION

By one issue, appellant claims the evidence is insufficient to sustain a conviction of felony driving while intoxicated. Specifically, appellant argues that the State was required to present eyewitness testimony that he drove while intoxicated. Because the State relied solely on circumstantial evidence, appellant argues the evidence is insufficient to sustain his conviction. [2] We disagree.

### A. Standard of Review for Sufficiency

The analysis in *Jackson v. Virginia* is the standard used to determine whether evidence is sufficient to uphold a criminal judgment. *See Jackson v. Virginia,* 443 U.S. 307, 318–19 (1979); *Brooks v. State,* 323 S.W.3d 893, 894 (Tex. Crim. App. 2010) (plurality op.); *Wesbrook v. State*, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000) (en banc). The question

---

[2] On appeal, appellant does not contest the requisite prior convictions to satisfy the felony enhancement in Penal Code Section 49.09(b)(2). *See id.* § 49.09(b)(2). The only issue presented is whether the evidence shows he was driving while intoxicated on this occasion.

4

before the Court is whether, in viewing the facts from the perspective most favorable to the verdict, a rational jury could have found each required element of the crime beyond a reasonable doubt. *Jackson*, 443 U.S. at 319. The reviewing court may not substitute its own factual findings for those of the jury. *Wicker v. State*, 667 S.W.2d 137, 143 (Tex. Crim. App. 1984). Only the trier of fact has the ability to make judgments of credibility and the relative strength of evidence. *Fuentes v. State*, 991 S.W.2d 267, 271 (Tex. Crim. App. 1999). As trier of fact, a jury is free to emphasize or disregard any portion of testimony. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986) (en banc). To respect the jury's role as fact finder, the reviewing court will assume the jury resolved conflicting evidence in favor of the prevailing party. *Turro v. State*, 867 S.W.2d 43, 47 (Tex. Crim. App. 1993) (en banc). This assumption dictates that the reviewing court must construe all facts in favor of the prevailing party, as required by the *Jackson v. Virginia* standard. *McDuff v. State*, 939 S.W.2d 607, 614 (Tex. Crim. App. 1997) (en banc) (citing *Jackson*, 443 U.S. at 319). This Court will not overturn a verdict due to insufficiency unless the supporting evidence is irrational or unable to support proof beyond a reasonable doubt. *See Matson v. State*, 819 S.W.2d 839, 846 (Tex. Crim. App. 1991) (en banc).

**B. The Elements of Driving While Intoxicated and the Sufficiency of the Evidence**

We measure the sufficiency of the evidence by the elements of the offense as defined by a hypothetically correct jury charge. *Villarreal v. State*, 286 S.W.3d 321, 327 (Tex. Crim. App. 2009) (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)). Such a charge is one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof, or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant

5

was tried. *Id.* A person commits the offense of driving while intoxicated if the person is intoxicated while operating a motor vehicle in a public place. TEX. PENAL CODE ANN. § 49.04(a). A person is intoxicated if that person does not have the normal use of his mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, a combination of those substances or any other substance into the body or by having an alcohol concentration above 0.08 or more in his breath, blood, or urine. *Id.* at § 49.01(2)(A)–(B) (West 2011).

The State may rely solely upon circumstantial evidence to establish a conviction for driving while intoxicated. *Kuciemba v. State*, 310 S.W.3d 460, 462 (Tex. Crim. App. 2010). Both direct and circumstantial evidence are probative when establishing guilt, and the reviewing court draws no distinction between the two on appeal. *Id.* The evidence, either direct or circumstantial, must illustrate a "temporal link" between the intoxication and the act of driving the vehicle. *Id.* For a question of sufficiency, the issue is whether the evidence would allow the trier of fact to find, beyond a reasonable doubt, that a temporal link exists. *Scillitani v. State*, 343 S.W.3d 914, 917 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd).

In *Kuciemba*, the driver was convicted of driving while intoxicated following a single vehicle accident. *Kuciemba*, 310 S.W.3d at 461. Police found a truck in a roadside ditch, with damage indicating the truck had rolled over. *Id.* The driver, still bleeding from minor head injuries, exited the vehicle as police arrived. *Id.* A subsequent blood test on blood drawn at the scene revealed a blood alcohol level of 0.214. *Id.* There was no direct evidence that the driver had driven the car while he was intoxicated. *Id.* The Court of Criminal Appeals relied on circumstantial evidence to find the evidence sufficient to sustain the conviction. *Id.* at 463. Specifically, the *Kuciemba* Court used the following to support

6

the inference that the driver was intoxicated while driving the truck: (1) the driver was intoxicated at the scene of the accident; (2) the accident was a single vehicle collision; (3) the driver did not apply the brakes as the road lacked signs of skid marks; (4) the driver was seen exiting the truck and was still bleeding, indicating the rollover was recent; and (5) the driver had a high blood alcohol content, indicating he had been intoxicated for a while. *Id.* at 462–63. Based on this circumstantial evidence, the *Kuciemba* Court found that the trier of fact could reasonably determine beyond a reasonable doubt that the driver was intoxicated at the time of the accident. *Id.* at 463.

In *Scillitani*, the driver was involved in a single car accident when he ran off the road and hit a fence pole. *Scillitani*, 343 S.W.3d at 915–16. When the police arrived, the driver admitted to having driven the vehicle at the time of the accident. *Id.* at 917. After the driver exhibited signs of intoxication during the field sobriety tests, the officer arrested the driver and administered two breath tests. *Id.* at 916. Those tests revealed a breath alcohol concentration of 0.135 and 0.133, respectively, within two hours of the time law enforcement was dispatched to the accident scene. *Id.* Like *Kuciemba*, the driver had not applied the brakes, indicating intoxication while driving. *Id.* at 920.

As in *Kuciemba* and *Scillitani*, appellant's accident involved one vehicle, which could indicate driving while intoxicated. Appellant's van smelled strongly of alcohol, as did the truck in *Kuciemba*. Like the defendant in *Scillitani*, appellant made incriminating admissions to the police. Specifically, appellant admitted to being the driver and to not consuming alcohol since before the accident. Spree testified that appellant consumed alcohol while at the Spree residence. Additionally, appellant's blood alcohol level of 0.29, which is several times the legal limit, was significantly higher than the blood alcohol levels

7

detected in *Kuciemba* and *Scillitani*. Appellant's blood test was taken approximately an hour and a half after the accident. The high blood alcohol level indicates that appellant was intoxicated for quite a while. *See Kuciemba*, 310 S.W.3d at 463.[3]

Additionally, appellant left his van on the side of the road, stayed inside a stationary car when police arrived, and ran away to hide in a shed after police saw him. Appellant's actions were circumstantial evidence of guilt and are probative to show a consciousness of guilt for the offense of driving while intoxicated. *See Barlett v. State*, 270 S.W.3d 147, 153 (Tex. Crim. App. 2008); *see also Hyde v. State*, 846 S.W.2d 503, 505 (Tex. App.—Corpus Christi 1993, pet. ref'd.) (finding "any conduct on the part of a person accused of a crime subsequent to its commission, which indicates a 'consciousness of guilt,' may be received as" circumstantial evidence).

The record contains sufficient evidence to sustain a conviction for felony driving while intoxicated. Appellant's issue on appeal is overruled.

### III. CONCLUSION

We affirm the trial court's judgment.

Gregory T. Perkes
Justice

Do not publish. TEX. R. APP. P. 47.2(b).

Delivered and filed the
21st day of June, 2012.

---

[3] This inference for high blood alcohol content is distinguishable from the Court of Criminal Appeals' analysis in *Mata v. State*. *See Mata v. State*, 46 S.W.3d 902, 910 (Tex. Crim. App. 2001). *Mata* established the factors necessary to allow an expert witness to testify on retrograde extrapolation (analysis of the alcohol absorption rate for an individual). *State v. Mechler*, 153 S.W.3d 435, 438 (Tex. Crim. App. 2005) (citing *Mata*, 46 S.W.3d at 910). *Mata* did not address whether evidence of blood alcohol content is admissible in the absence of testimony on retrograde extrapolation. *Mata*, 46 S.W.3d at 910.