

# NUMBER 13-11-00504-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**JOHN GARCIA  JR.,**                                                                 **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                            **Appellee.**

---

### On appeal from the 36th District Court
### of San Patricio County, Texas.

---

## MEMORANDUM OPINION

**Before Justices Benavides, Vela, and Perkes**
**Memorandum Opinion by Justice Perkes**

Appellant, John Garcia Jr., appeals his conviction for felony driving while intoxicated ("D.W.I."), repeat felony offender, a second-degree felony.  *See* TEX. PENAL CODE ANN. §§ 49.04, 49.09, 12.42 (West 2011).  After a jury trial, appellant was found guilty and the trial court sentenced appellant to a term of fifteen years of confinement in the Texas Department of Criminal Justice, Institutional Division, and ordered him to pay

a $7,000 fine. By two issues, appellant argues (1) the evidence presented at trial was legally insufficient to prove appellant was operating a motor vehicle and (2) the evidence presented at trial was factually insufficient to prove appellant was operating a motor vehicle. We affirm.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

On the night of January 5, 2011, appellant was involved in a single vehicle accident in a residential neighborhood in Aransas Pass, Texas. Sergeant Antonio Davila of the Aransas Pass Police Department was the first officer to arrive on the scene. He found a sport utility vehicle crashed through a fence and stopped up against a tree in a residential backyard. Surveying the scene, Sergeant Davila found appellant on the passenger side of the vehicle assisting Larry Morgan, who had suffered injuries to his chest as a result of the collision. Sergeant Davila testified that it was evident appellant was intoxicated because his speech was slurred, his eyes were bloodshot, and his breath had a very strong odor of alcohol.

Officer Jan Raska, also of the Aransas Pass Police Department, testified as to the damaged condition of the wrecked vehicle. Officer Raska stated that the majority of the damage inflicted on the vehicle was to the front portion of the vehicle and slightly towards the driver's side. He also testified that the vehicle's steering wheel was bent forward towards the front dashboard.

Javier Navarro was a neighbor and witness to the immediate aftermath of the collision. Navarro testified that he heard "a big bang" and that his house shook as a result of the accident. As Navarro went outside to investigate what had happened, he observed appellant behind the wheel on the driver's side of the vehicle. As Navarro

2

was heading towards the crashed vehicle, he witnessed appellant exit the driver's side door and walk over to the passenger side of the vehicle to assist Morgan. Navarro identified appellant in court as the driver of the vehicle. Navarro further testified that he overheard appellant telling Sergeant Davila that he was not the driver of the vehicle. At this point, Navarro approached Sergeant Davila and informed him that he had seen appellant behind the wheel and that appellant was the driver.

Holly Olivarez, another resident of the neighborhood, also witnessed what occurred immediately after the accident. She testified that appellant was the driver of the vehicle. Olivarez stated that she too heard a loud crash occur outside of her home and immediately went outside to see what had transpired. Olivarez testified that when she saw the vehicle, there were two men inside it and that appellant was seated behind the wheel on the driver's side of the vehicle. Olivarez identified appellant in open court as the driver of the vehicle. Olivarez further testified that when she went to help Morgan, whom she described as the passenger, she could smell the strong odor of alcohol four feet away from the vehicle.

Sergeant Davila attempted to administer a horizontal eye nystagmus test, but was unable to successfully administer the eye test or subsequent standardized field sobriety tests because of appellant's failure to follow directions and uncooperative nature. Appellant subsequently refused to take part in any more tests and told Sergeant Davila to take him to jail. Appellant was placed under arrest.

Officer Mark Flores spoke with appellant about the accident at the scene of the accident and at the police station. At the scene, appellant told him that, "I was in the vehicle, but I wasn't the driver." Officer Flores testified that later on, when appellant was

3

in a holding cell at the police station speaking to him, appellant would "reflect back on being the driver," and then subsequently state that he in fact was not the driver, never making sense as to whether he was the driver or not.

Appellant was later taken to the Care Regional Medical Center in Aransas Pass for a mandatory blood draw.[1] Appellant's blood was drawn approximately an hour after officers had arrived on scene of the accident.[2] The blood specimen was delivered to the Texas DPS crime laboratory in Corpus Christi, Texas where, upon analysis, it was determined that appellant's blood alcohol content was .22 grams of alcohol per 100 milliliters of blood, nearly three times the legal limit.

## II. DISCUSSION

By his two issues, appellant argues that the evidence presented at trial is legally and factually insufficient to prove he was operating a motor vehicle.[3] Appellant emphasizes that of the two neighbors who testified at trial, Navarro and Olivares, neither saw him drive the vehicle, nor saw what happened immediately after the collision; rather they only saw the events that occurred several moments after the crash occurred. Appellant also emphasizes that the injuries to the chest suffered by Morgan,

---

[1] Section 724.012 of the Texas Transportation Code lists several situations in which a person must give a breath or blood specimen if arrested for D.W.I. *See* TEX. TRANSP. CODE ANN. § 724.012(b), (c) (West. Supp. 2011).

[2] According to the Aransas Pass Police Department call log, the first call received with respect to the accident in question was received at 9:28 p.m. According to the blood specimen routing report filed in regards to the mandatory blood draw, the blood draw was performed at 10:40 p.m.

[3] During the punishment phase of trial, appellant admitted during testimony to being both the operator of the vehicle and intoxicated while driving on the night of January 5, 2011. However, appellant's admission of guilt during the punishment phase of trial does not waive his right to appeal the sufficiency of evidence at the guilt-innocence phase of trial. *See Resendez v. State*, 160 S.W.3d 181, 184 (Tex. App.—Corpus Christi 2005, no pet.) (holding that a defendant admitting guilt during the punishment phase of trial does not waive the right to bring a sufficiency claim on appeal); *see also Jarmon v. State*, 263 S.W.3d 25, 29–30 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd).

4

the owner of the vehicle, match up with the damage to the bent steering wheel, and is evidence that Morgan was the actual operator of the vehicle.

We review both a legal sufficiency challenge and a factual sufficiency challenge under the same *Jackson v. Virginia* sufficiency standard. *See Jackson v. Virginia*, 433 U.S. 307, 318–19 (1979); *Brooks v. State*, 323 S.W.3d 893, 894 (Tex. Crim. App. 2010) (plurality op.); *Ervin v. State*, 331 S.W.3d 49, 54 (Tex. App.—Houston [1st Dist.] 2010, pet ref'd). In *Brooks*, the Court of Criminal Appeals eliminated factual sufficiency review of the elements the State is required to prove beyond a reasonable doubt and stated "[i]t bears emphasizing that a rigorous and proper application of the *Jackson v. Virginia* legal sufficiency standard is as exacting a standard as any factual sufficiency standard (especially one that is 'barely distinguishable' or indistinguishable from a *Jackson v. Virginia* legal-sufficiency standard)." *Brooks*, 323 S.W.3d at 905–06. Thus, we no longer refer separately to legal and factual sufficiency review. *See id.*

Under the *Jackson* standard, when conducting a sufficiency review, a reviewing court must ask whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt—not whether it believes the evidence at trial established guilt beyond a reasonable doubt. *Brooks*, 323 S.W.3d at 894; *Laster v. State*, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009). In doing so, we assess all of the evidence in the light most favorable to the prosecution. *Laster*, 275 S.W.3d at 517 (quoting *Jackson*, 443 U.S. at 319). We must presume that the fact finder resolved any conflicting inferences in favor of the prosecution and defer to that resolution. *Jackson*, 443 U.S. at 326. The jury will resolve questions as to the credibility of witnesses and the weight to be given to their testimony. *State v. Mercier*, 164 S.W.3d 799, 813–14

5

(Tex. App.—Corpus Christi 2005, pet ref'd); *Moody v. State*, 830 S.W.2d 698, 699–700 (Tex. App.—Houston 1992, pet ref'd). This Court will not overturn a verdict due to insufficiency unless the supporting evidence is irrational or unable to support proof beyond a reasonable doubt. *Matson v. State*, 819 S.W.2d 839, 846 (Tex. Crim. App. 1991) (en banc).

We measure the sufficiency of the evidence by the elements of the offense as defined by a hypothetically correct jury charge. *Villarreal v. State*, 286 S.W.3d 321, 327 (Tex. Crim. App. 2009) (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)). Such a charge is one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof, or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried. *Id.* A person commits the offense of driving while intoxicated if the person is intoxicated while operating a motor vehicle in a public place. TEX. PENAL CODE ANN. § 49.04(a) (West 2011).[4]

In D.W.I cases, the state may rely solely on circumstantial evidence to establish a conviction, and in order for that evidence to be sufficient, there must be a temporal link between the act of driving and defendant's intoxication. *Kuciemba v. State*, 310 S.W.3d 460, 462 (Tex. Crim. App. 2010). Circumstantial evidence is as probative as direct evidence when establishing guilt, and the appellate review of circumstantial evidence is the same as used for direct evidence; therefore, a reviewing court draws no

---

[4] Appellant does not contest that he had the requisite prior convictions to satisfy the felony enhancements set forth in Texas Penal Code Sections 49.09(b)(2) and 12.42(a). At the punishment phase of the trial, appellant admitted to three prior D.W.I. convictions, including a third degree felony D.W.I. conviction from 2009. Therefore, the only issue presented is whether the evidence shows appellant was operating a motor vehicle while intoxicated.

6

distinction between the two.  *See Kuciemba*, 310 S.W.3d at 462; *Guevara v. State*, 152 S.W.3d 45, 49 (Tex. Crim. App. 2004).

After reviewing the evidence in the appellate record, we conclude a rational jury could have found beyond a reasonable doubt that appellant was the driver of the vehicle at the time of the accident.  *See Jackson*, 443 U.S. at 326.  Navarro and Olivarez both testified that they witnessed appellant behind the wheel of the vehicle shortly after the accident had occurred.  Mr. Navarro proffered testimony that he saw appellant exit the driver's side of the vehicle, and walk around the vehicle in an attempt to help remove Morgan from the passenger side of the vehicle.  Both Navarro and Olivarez identified appellant in court as the driver of the vehicle.

While in the holding cell at the Aransas Pass Police Station, appellant went back and forth stating that he was and was not the driver.  A fact-finder may infer a consciousness of guilt from a defendant's changing story about the crime and the surrounding circumstances.  *Couchman v. State*, 3 S.W.3d 155, 163–64 (Tex. App.—Fort Worth 1993, pet. ref'd).  "A 'consciousness of guilt' is perhaps one of the strongest kinds of evidence of guilt."  *Hyde v. State*, 846 S.W.2d 503, 505 (Tex. App.—Corpus Christi 1993, pet. ref'd.) (quoting *Torres v. State*, 794 S.W.2d 596, 598 (Tex. App.—Austin 1990, no pet.)).  "It is consequently a well accepted principle that any conduct on the part of a person accused of a crime subsequent to its commission, which indicates a 'consciousness of guilt,' may be received as a circumstance tending to prove that he committed the act with which he is charged."  *Torres*, 794 S.W.2d at 598.

The jury at trial could have reasonably inferred from appellant's changing story that he lied about not being the driver of the vehicle because he had something to hide. *See Couchman*, 3 S.W.3d at 164.  Appellant's sufficiency issues are overruled.

### III.     CONCLUSION

We affirm the trial court's judgment.


Gregory T. Perkes
Justice


Do not publish.  TEX. R. APP. P. 47.2(b).

Delivered and filed the
12th day of July, 2012.